II So.2d 13

**PETTIT et al. v. REITZELL.**

No. 36798.

Nov. 4, 1942.

Rehearing Denied Nov. 30, 1942.

Hudson, Potts, Bernstein & Snellings and Thos. W. Davenport, all of Monroe, for relators.

McHenry, Lamkin & Titche and Madison, Madison & Files, all of Monroe, for respondent.

FOURNET, Justice.

This case is before us on a writ of certiorari granted in order that we might review the judgment of the Fourth Judicial District Court for the Parish of Ouachita reversing the action of the Police and Fire Department Civil Service Commission in removing Frank V. Reitzell from the office of Chief of Police for the City of Monroe under the provision of Act No. 253 of 1940.

Frank V. Reitzell became Chief of Police for the City of Monroe on March 16, 1937, and he was holding that office when Act No. 253 of 1940 was adopted. Reitzell was a reserve officer in the United States Army and, on April 2, 1941, he obtained a leave of absence in order that he might enter the army's active service. Subsequently, about February 1, 1942, the army returned him to his inactive status. In the meanwhile, however, and just prior to his return, a petition, signed by all but one of the members of the Monroe police force, had been presented to the Mayor and the city commissioners, the object of such petition being to request that the then acting police chief be assigned to the position permanently, thus replacing Reitzell. This request was declined. Immediately after Reitzell's return and his resumption of the duties of his office, 21 of the 32 members of the Monroe police force instituted these proceedings, seeking to have him removed under the provisions of Act No. 253 of 1940.

The grounds on which Reitzell's removal was sought are, in brief, that he (1) is physically unfit to hold the office; (2) has failed to maintain courteous relations with

the members of the police force, frequently making insulting and derogatory remarks to them; and (3) has shown a lack of co-operation in his attitude toward his subordinate officers, either by refusing or failing to receive, hear, discuss, or act upon (a) reports, (b) complaints, (c) information, or (d) official investigations either placed before him or brought to his attention by these subordinate officers, as well as by failing or refusing to act upon any of the recommendations made by them.

The Commission ordered that a hearing and investigation of the matters complained of begin on Febraury 16, 1942. Reitzell first filed a motion for a bill of particulars, alleging that the charges as made were so vague, indefinite, and uncertain that he would be prejudiced if he were forced to go to trial without more definite information, particularly with reference to the names of the members of the police force to whom he had made insulting and derogatory remarks and with whom he had not co-operated by either failing or refusing to receive their reports, etc., as well as the dates on which these incidents occurred. After argument, this motion was denied by the Commission. Reitzell then filed a motion whereby he sought the recusation of a member of the Commission, R. G. May, on the ground that May was interested in the outcome of the matter since (1) he had been made an acting captain with an increase in pay during Reitzell's absence on active army duty and had been reduced to the rank of patrolman upon Reitzell's return, and (2) he had been one of the members of the police force signing the

petition presented to the Mayor and the Commission Council during Reitzell's absence wherein it was requested that the then Acting Chief of Police Brantley be permanently assigned to that position. This motion, after the submission of evidence in support thereof, was likewise denied. The Commission then heard testimony on the merits. This was completed on February 19, 1942. On the same day, by a majority vote, the Commission concluded all of the charges made against Reitzell, with the exception of the one with reference to his physical unfitness, had been sustained by the evidence, and he was ordered removed from office as the Chief of Police for the City of Monroe.

From this action on the part of the Commission, Reitzell appealed to the Fourth Judicial District Court for the Parish of Ouachita. There the appellees (the relators here) filed a motion seeking to have the appeal dismissed on the grounds (1) that the appellant had failed to exhaust his remedies before the Commission in that he did not endeavor to have the Commission grant him a rehearing or a new trial, and (2) that he failed to comply with the specific provisions of the act requiring that he state in his motion for an appeal the grounds upon which the appeal was based, his motion for an appeal containing the sole allegation that the order of the Commission was contrary to the law and the evidence.

On the record as made up before the Commission, the case was submitted to the district court and arguments, both orally and in brief, were heard. In disposing of the case, the Honorable J. T. Shell, pre-

siding judge, overruled the motion to have the appeal dismissed, and, on the merits, reversed the action of the Commission, being of the opinion that the evidence was neither conclusive nor preponderated in favor of the judgment rendered by the Commission. A motion for a rehearing was timely filed and was refused by the presiding judge, who, in assigning as his written reasons therefor, declared: "I meant to make it plain that in my [original] opinion the written accusations as framed were not legal causes for removal, and therefore there can be no legal evidence to support them." (Brackets ours.)

The relators (members of the police force who instituted these proceedings for Reitzell's removal), in applying to this court for a writ of certiorari to review the district court's judgment, questioned the right of the Fourth Judicial District Court to inquire into the action of the Commission on any ground other than that the action against Reitzell was not "in good faith and for cause," contending that because Reitzell failed to attack the Commission's action as being either in bad faith or so arbitrary, illegal, or unreasonable as to constitute an abuse of the discretion granted the Commission under the statute, there was nothing for the district court to review, particularly since Reitzell failed to state the grounds upon which the appeal was being sought, contrary to the specific provisions of the statute.

■ The Civil Service System created by the Legislature of the State of Louisiana in its Act No. 253 of 1940 applies to certain municipalities where regularly paid fire and police departments are maintained and the tenure of the persons holding office under the act is during good behavior. These persons are subject to removal only for the causes that are enumerated in the act. Among these we find that one cause is "incompetency, inefficiency or inattention to or dereliction of duty", Paragraph (a) of Section 12, while another is "any * * * act or failure to act, which in the judgment of civil service commissioners, is sufficient to show the offender to be an unsuitable and unfit person to be employed in the public service." Paragraph (e) of Section 12. The act further provides that no person holding an office under the act shall be removed, suspended, demoted, or discharged "except for cause, and only upon the written accusation of the appointing power, or any citizen, a written statement of which accusation, in general terms, shall be served upon the accused, and a duplicate filed with the Commission. * * *" Section 14.

Section 14, in addition to outlining the procedure to be followed in the trial of such cases, provides that in the event of an adverse judgment, "the accused may appeal therefrom to the court of original and unlimited jurisdiction in civil suits of the parish wherein he resides. *Such appeal shall be taken by serving the Commission,* within thirty days after the entry of such judgment or order, *a written notice of the appeal, stating the grounds thereof, * * *;* provided, however, that such hearing [on appeal] shall be confined to the determination of whether the judgment or order of removal, discharge, demotion or suspension

made by the Commission, was or was not made in good faith for cause, and no appeal to such court shall be taken except upon such ground or grounds." (Italics and brackets ours.)

Thus it may be observed that the aggrieved party must not only state in his written motion for an appeal the grounds upon which he relies for the reversal of the judgment complained of, but these grounds are specifically limited by the act to the inquiry of "whether the judgment or order of removal * * * was or was not made in good faith for cause * * *." The appellate jurisdiction of the court in such cases is limited accordingly.

It is our opinion, therefore, that Reitzell, having failed to state or specify in his motion for an appeal any acts on the part of the Commission from which the conclusion may be drawn that the Commission's action in removing him from his office as Chief of Police of the City of Monroe "was not made in good faith for cause," the Fourth Judicial District Court for the Parish of Ouachita was without power or authority to review the judgment complained of.

For the reasons assigned, the judgment of the Fourth Judicial District Court is annulled and set aside; and the order and judgment of the Fire and Police Departmnt Civil Service Commission for the City of Monroe, rendered on the 19th day of February, 1942, sustaining charges against the defendant Frank V. Reitzell and ordering his removal from the office of Chief of Police for the City of Monroe, is reinstated.

ROGERS, J., absent.