O’NIELL, Chief Justice.
 

 This is a proceeding by certiorari to review a judgment of the Fourth District Court for the Parish of Ouachita rendered against the relator, John B. Whitfield, in a suit in which he sought by mandamus to compel the Municipal Fire and Police Civil Service Board of the City of Monroe to grant him an appeal from a ruling of the board. The district judge rejected Whitfield’s petition on an exception of no cause or right of action.
 
 *966
 
 Hence we take the allegations of the petition as the facts of the case.
 

 On April 11, 1946, the Civil Service Board for the city of Monroe published a seniority list for the police department, 'showing that one Hugh Tolbert was ranked as a sergeant with date of seniority as of December 1, 1942, and that John B. Whitfield, the relator here, was ranked as sergeant with date of seniority as of March 1, 1943. In December, 1946, Whitfield complained verbally to the Civil Service Board that his seniority should precede that of Tolbert, and on December 23, 1946, Whitfield served upon the Civil Service Board his complaint in writing.
 

 On January 20, 1947, the board granted Whitfield a hearing, and on January 30, 1947, notified him that the board had determined that its seniority ratings of April 11, 1946, were correct. On February 6, 1947, Whitfield filed with the board a notice of his intention to appeal from the decision of the board to the District Court for the Parish of Ouachita. Upon receipt of this notice of appeal, the Civil Service Board ordinarily should have filed in the district court a transcript of its record, or findings of fact, relative to Whitfield’s complaint, according to the provisions of the Civil Service Act, Section 30 of Act 102 of 1944.
 

 However, the board refused to file its record in the matter, and Whitfield petitioned the district court for a writ of mandamus to compel the Board to file the record. The Board then filed the exception of no cause or right of action. The reason given by the district judge for maintaining the exception was that Whitfield had not made his written complaint to the Board within the 30 days allowed by Section 30(B) of Act 102 of 1944.
 

 In granting Whitfield’s petition for a writ of certiorari this court had in mind the question whether Whitfield had filed his complaint timely under the provisions of the statute, which appeared to be a new question and a somewhat doubtful one. However, on considering the brief filed in behalf of the Civil Service Board, respondent here, we find that there is another issue in the case, the disposition of which makes it unnecessary to consider the question of the time within which the notice of appeal from a decision of the local board to the district court must be served upon the board.
 

 The Civil Service Board contends that Whitfield’s petition to the district court was properly dismissed because he failed to allege in his notice of appeal, or in his petition for the writ of mandamus, that the decision of the Civil Service Board was not made “in good faith for cause” under the provisions of the statute.- The pertinent parts of Section 30(B) of Act 102 of 1944 read as follows:
 

 “Any employee under Classified Service and any Appointing Authority shall have the right to appeal from any decision of the Board, or from any action
 
 *968
 
 taken by the Board, * * * which is prejudicial to said employee or Appointing Authority. This appeal shall lie direct to the court of original and unlimited jurisdiction in civil suits of the parish wherein the Board is domiciled. * * * provided, however, that such hearing [appeal to the court] shall be confined to the determination of whether the decision made by the Board was or was not made
 
 in good faith for cause
 
 under the provisions of this Act and
 
 no appeal to siich court shall be taken except upon such stated
 
 grounds.” [Italics added.]
 

 In Pettit v. Reitzell, 1942, 202 La. 12, 11 So.2d 13, 15, we held that the failure to allege in a notice of appeal that the decision of the Civil Service Board “was not made in good faith for cause” left the district court without jurisdiction or authority to hear the appeal. The statute in that case was Act 253 of 1940, of which the present Civil Service Act, Act 102 of 1944, is the successor. The provisions of Section 14 of Act 253 of 1940 were substantially the same as the provisions of Section 30(B) of Act 102 of 1944. Hence the decision in Pettit v. Reitzell is ample authority for our sustaining the ruling made by the judge of the district court in this case.
 

 The relator did not attach to his petition to this court a copy of the notice of appeal which he alleges he served upon the Civil Service Board. The record contains a copy of the relator’s petition to the district court. In that petition it was alleged that a copy of the notice of appeal, served upon the board, was attached to the petition; but in fact there is no copy of the notice of appeal attached to that petition; nor was it alleged in that petition that the notice of appeal contained the allegation that the ruling of the board, which the relator complained of, was not made “in good faith.” In his petition to the district court the relator characterized the ruling of the board, which he complained of, merely as being “erroneous, contrary to law and prejudicial to relator.” That might be ever so true and yet the ruling might have been made — as the statute requires — “in good faith.”
 

 The very purpose of limiting the jurisdiction or authority of the judge of the district court to a determination merely of the question whether the action of the board was taken in good faith and for a cause stated in the statute is to forbid the judge to substitute his judgment for that of the board in matters in which the board has acted in good faith and for a cause stated in the statute. It was virtually so declared in Pettit v. Reitzell- — -thus
 

 “Thus it may be observed that the aggrieved party must not only state in his written -motion [notice] for an appeal the grounds upon which,he relies for the reversal of the judgment complained of, but these grounds are specifically limited by the act to the inquiry of ‘whether the judgment or order of removal * * * was
 
 *970
 
 or was not made in good faith for cause * * *_ > The appellate jurisdiction of the court in such cases is limited accordingly.”
 

 The judgment complained of is affirmed at the cost of the relator.