I-IAMITER, Justice.
On the recommendation of Donald C. Chandler, Administrative Officer of the City of DeRidder, Lonzo S. Milam, the relator herein, was dismissed by the City Council of such municipality from the Police Department in which he had served as Chief of Police. The reasons for such action, which was taken on April 1, 1968, were set forth in a letter dated March 27, 1968 written by Chandler to Milam.
Milam timely applied to the Municipal Fire and Police Civil Service Board of DeRidder for a hearing on the reasonableness of his dismissal. However, following such hearing, the Board affirmed the dismissal, its holding being that such action was in good faith for reasons and causes authorized by LRS 33:2560.
Seeking a judicial appeal from the Board’s decision, Milam filed a written notice with the Board, as required by LRS 33:2561, informing that he was appealing its ruling. Whereupon the Board submitted to the Thirtieth Judicial District Court in and for the Parish of Beauregard the record of the proceedings had before it.
Thereafter, the Board moved the court to dismiss the appeal on the ground that Milam had failed to allege in his written notice that the decision of the Board was *221 not made “in good faith for cause”. The motion was sustained.
Milam then sought to take an appeal to the Court of Appeal, but the district court declined to grant it.
Milam thereupon applied to this court for remedial writs. In response to the application, and under our supervisory jurisdiction, we issued the writs, but we limited our consideration to the “correctness vel non of the district court’s judgment dismissing the appeal.” 252 La. 701, 213 So.2d 42. The only question before us, therefore, is whether the district court was correct in sustaining the motion of the Board to dismiss the appeal taken from its ruling.
For the reasons hereinafter set forth we think that it was. The pertinent portion of LRS 33:2561, which deals with the Board’s review of disciplinary action of the hiring authority, states that any employee who is prejudiced by the conclusion of the Board may appeal by serving it with written notice, setting forth the grounds relied on and demanding that a transcript of the record be filed with the district court; that the Board shall certify and furnish a complete transcript; that the court shall hear and pass upon the appeal in a summary manner; and that “This hearing shall be confined to the determination of whether the decision made by the board was made in good faith for cause under the provisions of this Part. No appeal to the court shall be taken except on these grounds.”
This section appears among those of the Revised Statutes (originally Act 282 of 1964) which deal with mandatory civil service for firemen and policemen in municipalities having a population of not less than seven thousand and not more than thirteen thousand (LRS 33:2531-2568). We do not find that it has as yet been interpreted by this court. However, the provisions thereof, pertinent to this litigation, are virtually identical with those of Section 14 of Act 253 of 1940 and Section 30(B) of Act 102 of 1944 (the forerunners of LRS 33:2501). Those statutes (now LRS 33:2471-2508) dealt with mandatory civil service in cities the population of which is between thirteen thousand and two hundred and fifty thousand. The cited sections provided that the judicial hearing on an appeal from the decision of the Board should “be confined to the determination of whether” the action of the board “was or was not made in good faith for cause * * * and no appeal to such court shall be taken except upon such ground or grounds.”
In passing on the effect of the above quoted language in the 1940 statute, we said in Pettit et al. v. Reitzell, 202 La. 12, 11 So.2d 13: “Thus it may be observed that the aggrieved party must not only state in his written motion for an appeal the grounds upon which he relies for the re *223 versal of the judgment complained of, but these grounds are specifically limited by the act to the inquiry of 'whether the judgment or order of removal * * * was or was not made in good faith for cause * * The appellate jurisdiction of the court in such cases is limited accordingly.
“It is our opinion, therefore, that Reitzell, having failed to state or specify in his motion for an appeal any acts on the part of the Commission from which the conclusion may be drawn that the Commission’s action in removing him from his office as Chief of Police of the City of Monroe ‘was not made in good faith for cause,’ the Fourth Judicial District Court for the Parish of Ouachita was without power or authority to review the judgment complained of.”
Later, in the case of State ex rel. Whitfield v. Municipal Fire and Police Civil Service Board of City of Monroe, 211 La. 963, 31 So.2d 178, we had occasion to consider the effect of the same provision of the 1944 act, and our ruling in Pettit v. Reitzell, supra, was cited and followed. We observed that the required notice to the Board was not in the record, but that: “ * * * In his petition to the district court the relator characterized the ruling of the board, which he complained of, merely as being ‘erroneous, contrary to law and prejudicial to relator.’ That might be ever so true and yet the ruling might have been made — as the statute requires — ‘in good faith.’ ”
We are of the opinion that those decisions are correct, and we again reaffirm the principle that the jurisdiction or authority of the district court in an appeal governed by the provisions of LRS 33:2501 and 2561 is limited to a determination of whether the action of the Board was made in good faith for cause; and that, consequently, the allegation that it was not so made must necessarily be included in the notice of the appeal.
We need not at this time decide whether the specific words “in good faith for cause” are essential in the notice of appeal. But we do hold that either they must be used or such facts must be stated from which it might be deduced that the Board had not acted in good faith for cause.
The notice involved herein did neither. As we read it, it merely charged the board with having made erroneous conclusions (principally of fact), among which were in holding that Milam was negligent in overspending his budget allowance and other mismanagement of the budget; that he deliberately violated the instructions of his superior officer and showed an unwillingness to perform the duties of his position in a satisfactory manner; that he was guilty of insubordination toward his ad *225 ministrative officer; and in finding generally that there was good cause for suspending Milam as Chief of Police (not that the Board acted in bad faith without cause).
From none of these allegedly erroneous conclusions of the Board can we deduce that its decision was not made in good faith for cause. This was exactly the situation in State ex rel. Whitfield v. Municipal Fire and Police Civil Service Board of City of Monroe, supra, where the complaint was that the ruling of the board was “erroneous, contrary to law and prejudicial to relator.” As the court there said, the Board might have made erroneous findings and yet the ruling could have been made in good faith.
Because Milam’s notice failed to state or specify any acts on . the part of the Board from which the conclusion might be drawn that its order removing him from his position in the Police Department was not made in good faith for cause, the Thirtieth Judicial District Court in and for the Parish of Beauregard was without power or authority to review the ruling complained of.
For the reasons assigned the judgment of the district court dismissing the appeal taken by the relator herein, Lonzo S. Mil-am, from the order of the Municipal Fire and Police Civil Service Board of De-Ridder, is affirmed. All costs to be borne by Lonzo S. Milam.