AYRES, Judge.
Plaintiff, Troy S. Odom, appealed to the Minden Municipal Fire & Police Civil *411 Service Board, hereinafter referred to as the “Board,” from the action of the Min-den City Council in abolishing the classification of Fire Inspector. After a hearing, the Board ruled the City Council had abolished the classification of Fire Inspector in a manner not in accordance with law. Thus, the Board held that the action of the City Council was ineffective and ordered the City of Minden to reinstate plaintiff as fire inspector together with full benefits retroactive to June 7, 1971, including, but not limited to, full pay, longevity, and seniority rights. The City filed a notice of appeal to the Twenty-Sixth Judicial District Court basing the appeal upon the good faith of the City in abolishing the classification of Fire Inspector.
The trial court found that, while the Board was in good faith in its decision, the decision was based on the erroneous conclusion that the City Council had abolished a classification within the municipal civil service system, whereas the City Council had actually abolished only a position within a classification. The court found this to be a permissible action by the City Council and reversed the ruling of the Board. Plaintiff appeals from this judgment.
Pursuant to LSA-Const. Art. 14, Sec. 15.1, the City of Minden had established a municipal fire and police civil service board. Plaintiff was a classified employee of the Minden Municipal Fire Department, having the title of Fire Inspector. He was the only employee within this classification. On June 7, 1971, the Minden City Council abolished the position of Fire Inspector, and plaintiff was offered a position in the office of the City Inspector. Plaintiff declined to accept this new position and began this action.
We first direct attention to plaintiff’s contention that the district court was without jurisdiction to hear the appeal of the City of Minden because the notice of appeal filed by the City contained no allegation to the effect the Board did not act in good faith for cause.
The Notice of Appeal filed by the City of Minden states:
“Please take notice that the City of Minden, Louisiana, will appeal the decision of the Minden Municipal Fire and Police Civil Service Board rendered August 6, 1971. This appeal is taken under the provision of Section 2501, Title 33, Revised Statutes of the State of Louisiana, and is based upon the fact that the City of Minden acted in good faith for cause in abolishing the classification of Fire Inspector, contrary to the finding of the Board.
“Demand is hereby made that a certified transcript of the record, written findings of fact, and all papers and documents on file in the office of the board affecting or relating to such decision be filed with the 26th Judicial District Court at Minden, Louisiana.
“Minden, Louisiana, this 12th day of August, 1971.”
LSA-Const. Art. 14, Sec. 15.1, Par. 31, provides in part:
“Any employee under classified service and any appointing authority may appeal from any decision of the board, or from any action taken by the board under the provisions of the Section which is prejudicial to the employee or appointing authority. This appeal shall be taken by serving the board, within thirty days after entry of its decision, a written notice of appeal, stating the grounds thereof and demanding that a certified transcript of the record, or written findings of fact, and all papers on file in the office of the board affecting, or relating to such decision, be filed with the designated court. The board shall, within ten days after the filing of the notice of appeal, make, certify, and file the complete transcript, with the designated court, and *412 that court shall thereupon proceed to hear and determine the appeal in a summary manner. This hearing shall be confined to the determination of whether the decision made by the board was made in good faith for cause under the provisions of this Section. No appeal to the court shall be taken except upon these grounds." (Emphasis supplied.)
This constitutional provision pertains to cities having a population of 13,000 to 250,-000, which would include the City of Min-den.
Exactly the same provisions are found in Louisiana Revised Statutes 33:2501 and 2561. The Supreme Court had occasion to interpret the latter of these statutes in Milam v. Municipal Fire & Police Civil Service Board of DeRidder, 253 La. 218, 217 So.2d 377, 379 (1968). After reviewing prior jurisprudence which had been concerned with an almost identical statute, the court held:
“We are of the opinion that those decisions are correct, and we again reaffirm the principle that the jurisdiction or authority of the district court in an appeal governed by the provisions of LRS 33:2501 and 2561 is limited to a determination of whether the action of the Board was made in good faith for cause; and that, consequently, the allegation that it was not so made must necessarily be included in the notice of the appeal.
“We need not at this time decide whether the specific words ‘in good faith for cause’ are essential in the notice of appeal. But we do hold that either they must be used or such facts must be stated from which it might be deduced that the Board had not acted in good faith for cause.”
See, also: Pettit v. Reitzell, 202 La. 12, 11 So.2d 13 (1942); State ex rel. Whetfield v. Municipal Fire and Police Civil Service Board, 211 La. 963, 31 So.2d 178 (1947).
Our appreciation of the law as interpreted by the Supreme Court is that the notice of appeal must contain allegations from which it may be deduced that the action.qf the Board was not in good faith for cause before the district court has jurisdiction to hear the appeal. Nothing in the decision in the more recent case of Bowen v. Doyal, 259 La. 839, 253 So.2d 200 (1971), justified the belief that the Supreme Court has retreated from the strict requirement set out in Milam, supra, and its predecessors. Clearly, the notice of appeal in the instant case does not contain an allegation that the Board’s action was not in good faith for cause.
We are constrained to hold that the notice of appeal filed by the City of Minden was defective and that the district court was without jurisdiction to hear the City’s appeal.
In view of the aforesaid conclusions, it is unnecessary to discuss the other issues urged by plaintiff.
For the reasons assigned, the judgment of the trial court is annulled, reversed, and set aside; and
There is judgment in favor of plaintiff reinstating the order of the Minden Municipal Fire & Police Civil Service Board.
Costs are charged to defendant.
Reversed and rendered.