BLANCHE, Judge.
This is an appeal by Homer Bland from the judgment of the District Court which affirmed the decision of the Houma Municipal Fire and Police Civil Service Board, which in turn affirmed and upheld the action of the Mayor and City Council of the City of Houma which dismissed Bland as Fire Chief of the Houma Municipal Fire Department. Plaintiff’s appeal from this District Court judgment was specifically sanctioned by the Louisiana Supreme Court, see Bland v. City of Houma, 260 La. 285, 255 So.2d 771 (1972).
The District Judge rendered Written Reasons for Judgment summarizing the status of the litigation and the evidence as follows:
“This is an appeal by Homer Bland, former Fire Chief of the City of Houma, from a decision of the Houma Municipal Fire and Police Civil Service Board, hereinafter referred to simply as the ‘Board,’ rendered December 11, 1971, upholding the action of the Mayor and City Council of the City of Houma dismissing Bland as Fire Chief of the Houma Municipal Fire Department. The Mayor and City Council will be hereinafter sometimes referred to as the ‘appointing authority’ or the ‘City’.
“To this appeal, both the City and the Board filed Motions to Dismiss and Exceptions of No Cause of Action. The motions and exceptions were maintained and appellant applied for and was granted writs by the Supreme Court of Louisiana which dismissed the motions and exceptions and reinstated the appeal on the docket of this court.
“Before proceeding to render judgment on this appeal, we must bear in mind several limitations which have been imposed on the restricted appellate jurisdiction of this court by the jurisprudence.
“Firstly, in Marchiafava v. Baton Rouge Fire and Police Civil Service Board, 233 La. 17, 96 So.2d 26, the Louisiana Supreme Court stated, in overruling a district court decision which overruled Board action (by suspending plaintiff instead of terminat *731 ing his employment as approved by the Board):
‘. . . unquestionably the district court was without authority to substitute, as it did, its judgment for that of the Board (changing the punishment meted out from dismissal to suspension.)’
“We are admonished in Brickman v. New Orleans Aviation Board, 236 La. 143, 107 So.2d 422, that there must be a real and substantial relation between the assigned cause for the dismissal of the appellant and his qualifications for the position in which he served.
“In Leggett v. Northwestern State College, 242 La. 927, 140 So.2d 5, the Supreme Court recognized the principle announced in Brickman hut acknowledged its error in that case in failing to
‘follow the principle of law that if there is any evidence before the commission from which a conclusion can be drawn that the employee’s conduct is prejudicial to the service, the commission’s ruling will not be disturbed; and in failing to apply this principle of law in that case [Brickman] we now think we erred . . . ’ [140 So.2d at 10]
‘Under these provisions of the Constitution [Art. 14, Section 15(0) (1)] the courts may not inquire into the sufficiency of the evidence to ascertain whether the commission was correct in its finding of fact, and if there is any evidence to support its finding of fact, such finding may not be disturbed. Consequently if the facts found by the commission disclose legal cause for disciplinary action, there is nothing for the courts to review.’ [140 So.2d at 9]
“In Milam v. Municipal Fire and Police Civil Service Board of DeRidder, 253 La. 218, 217 So.2d 377, the Supreme Court of Louisiana reviews the previous pertinent jurisprudence, particularly Pettit v. Reitzell, 202 La. 12, 11 So.2d 13, and State ex rel. Whitfield v. Municipal Fire and Police Civil Service Board of City of Monroe, 211 La. 963, 31 So.2d 178, and concludes that the appellate jurisdiction of the district court under R.S. 33:2501 ‘is limited to a determination of whether the action of the Board was made in good faith for cause.’
“Appellant contends that his dismissal was founded on ‘stale and/or condoned “Reasons” resurrected and cumulated for personal and political motives.’ He contends further that ‘for a Board to approve a dismissal founded on such an improperly motivated cumulation of charges is an exercise in bad faith as such stale condoned charges cannot be “legal cause” for dismissal.’ (App. Memo in Support of Appeal)
“In support of this contention appellant cites Robbins v. New Orleans Public Library, [La.App.] 208 So.2d 25. However, in Ragusa v. Department of Public Safety, Division of State Police, [La.App,] 238 So.2d 193 [writ refused, 256 La. 885, 239 So.2d 542], in discussing the Robbins case and Cormier v. Board of Institutions, [La.App.] 230 So.2d 307, the court stated: ‘ “staleness” alone is no reason for disregarding a charge, so long as it forms the real basis for the proposed disciplinary action.’ The court pointed out that in the Cormier case the conduct complained of had been condoned ‘and the basis for the discharge was not the rules violation but political motivation.’
“The record of the appeal before the Board is voluminous, consisting of five volumes of testimony all of which we have read; and we find nothing therein indicating that appellant’s dismissal was politically motivated. Appellant’s own summary and analysis of the ‘political motivation’ throws considerable doubt on whether the situation here presented was really ‘political’ in nature, viz. (App. Memo in Support of Appeal) :
‘It was the pressure from disgruntled firemen which led to the initial decision to “investigate”; it was political pressure which taunted the Mayor and Council into ordering the “investigation”; it *732 was the firemen’s threat of mass resignation communicated to the City through the Board which urged the Mayor and Council to fire Appellant. In short, the cry was out to get rid of Homer Bland; the “investigation” was the tool used to dredge up every possible charge which might support a dismissal and the threat of mass resignation was implemented to insure the action.
‘The record of the investigation will reveal that the entire task of the Board was to draw from each witness that which he might contribute to the effort •to shore up Mr. Bland’s dismissal.
‘It is precisely to avoid such a concerted effort to be rid of an employee that the rule of the Robbins case was developed. The Board could not have been in legal good faith in approving such a dismissal.’
“We are not determining here, of course, whether the appointing authority acted in good faith and for cause in dismissing appellant. Our sole function here is to determine whether the Board acted in good faith and for cause in approving the action of the city.
“We note, in passing, that the record does not reflect that any of the charges against appellant were ever ‘condoned’ by the members of the Fire Department or the Mayor or members of the City Council. Some of the alleged derogatory remarks which were the basis of some of the charges were not made known until the ‘investigation’ of the Fire Department in July, 1970.
“Appellant also contends that the reasons for his dismissal were insufficiently and incompletely stated. A reading of the City’s letter of September 11, 1970, to appellant, specifying the reasons for his dismissal indicates that there is no merit in this contention. It is true that the transcript contains no evidence with regard to two of the charges, namely that appellant had called another fireman, one District Chief Trahan a ‘functional illiterate,’ and that he had filed a lawsuit against Alphonse Marchive, a member of the Board. But evidence pertinent to the other charges was introduced and either denied by appellant or some explanation given in mitigation.
“As before stated, we are not permitted to substitute our judgment as to the credibility of witnesses for that of the Board; and it cannot be denied that the Board was presented with ‘some evidence’ on which to base its decision.
“Appellant further contends that the Board hearing was conducted in bad faith and contrary to provisions of the Civil Service Law, more particularly in that the attorney for the Board was allowed
‘ ... to conduct the hearings with the authority of a judge applying strict rules of courtroom procedure to the civil service hearing ... all in spite of the Louisiana State Constitution provisions that in “Appeals by Employees to the Board” “The procedure followed shall be informal and not necessarily bound by the legalistic rules of evidence.” Constitution, La.State, Article 14, Section 15 [15.1], Subsection 31.’
“There seems to be no doubt that the Board has a right to employ independent counsel to represent it, La. Constitution, Art. 14, Section 15.1(36). The transcript also indicates that the attorney for the Board did act as ‘judge’ in determining whether certain evidence objected to was or was not admissible. His rulings were invariably approved and ratified by the Board. Of course, as each question and objection arose, the Board could have conferred with their attorney and ruled, presumably in accordance with his advice— a much more time-consuming procedure. We must now determine whether the delegation of the authority by the Board to its attorney on all evidential matters so tainted the procedure with ‘bad faith’ as to render it illegal.
*733 “We think not, particularly since the Board, composed exclusively of laymen, presumably would follow the advice of their counsel; and the record discloses that evidence objected to, where the objection was sustained, was for the most part ‘proffered’ and available to the Board.
“Appellant has stated, in his brief:
‘ “Legal Cause” is jurisprudentially described as follows:
‘ “Legal Cause for disciplinary action exists if the facts found by the commission disclose that the conduct of the employee impairs the efficiency of the public service.”
and furthermore:
‘ . . . there must be a real and substantial relation between the conduct of the employee and the efficient operation of the public service; otherwise legal cause is not present, and any disciplinary action by the commission is arbitrary and capricious.” Robbins v. New Orleans Public Library, [La.App.] 208 So.2d 25 (1968).
“In accordance with the jurisprudence hereinabove discussed, we conclude that the Board acted in good faith, and for cause in hearing the appeal of Homer Bland from his dismissal by the City of Houma. And since evidence was presented to the Board from which a conclusion can be drawn that appellant’s conduct is prejudicial to the Houma Fire Department, the ruling of the Houma Municipal Fire and Police Civil Service Board will not be disturbed.” (Written Reasons for Judgment, Record, pp. 29, et seq.)
Appellant’s first specification of error is that the District Court should have afforded him a trial de novo instead of merely reviewing the record as prepared and forwarded to the District Court. In support of this contention appellant relies on certain pronouncements in the recent Louisiana Supreme Court case of Bowen v. Doyal, 259 La. 839, 253 So.2d 200 (1971). This specification of error is without merit. The applicable Louisiana constitutional provision which accords a classified service employee such as appellant a right of judicial review from the decision of the Board is contained in the third paragraph to Article 14, Section 15.1, part 31, as follows:
“Any employee under classified service and any appointing authority may appeal from any decision of the board, or from any action taken by the board under the provisions of the Section which is prejudicial to the employee or appointing authority. This appeal shall be taken by serving the board, within thirty days after entry of its decision, a written notice of appeal, stating the grounds thereof and demanding that a certified transcript of the record, or written findings of fact, and all papers on file in the office of the board affecting or relating to such decision, be filed with the designated court. The board shall, within ten days after the filing of the notice of appeal, make, certify, and file the complete transcript, with the designated court, and that court shall thereupon proceed to hear and determine the appeal in a summary manner. This hearing shall be confined to the determination of whether the decision made by the board was made in good faith for cause under the provisions of this Section. No appeal to the court shall be taken except upon these grounds.”
It is obvious from a reading of the foregoing constitutional provision that the judicial review to which appellant is entitled does not require a trial de novo. On the contrary, the obvious intent is that the reviewing court consider the record of the board proceedings as already constituted, determine the appeal “in a summary manner,” and confine the judicial review “to the determination of whether the decision made by the board was made in good faith for cause under the provisions of this Section. No appeal to the court shall be taken except upon these grounds.” The objects and purposes of the limited judicial review *734 as set forth in the foregoing constitutional provision would be thwarted if the reviewing court were required to conduct a trial de novo.
 Appellant’s remaining specifications of error have either adequately been answered and disposed of by the District Court’s Reasons for Judgment, as reproduced above, or constitute unfounded allegations of unfair procedure attributed to the proceedings conducted by the Board. Our review of the record satisfies us that there is substantial evidence supporting appellant’s dismissal, and appellant has failed to demonstrate any manifest error committed by the District Court and has further failed to demonstrate that “the decision made by the board was [not] made in good faith for cause,” Louisiana Constitution Article 14, Section 15.1, part 31, so as to require reversal thereof.
The judgment appealed from is affirmed, with all costs of this appeal assessed to appellant.
Affirmed.