281 So.2d 117 (1973)
Troy S. ODOM
v.
CITY OF MINDEN.
No. 52650.
Supreme Court of Louisiana.
June 11, 1973.
Rehearing Denied August 20, 1973.
*118 Henry G. Hobbs, Minden, for plaintiff-applicant.
Peters & Ward, Hugh T. Ward, Shreveport, for defendant-respondent.
SANDERS, Chief Justice.
The Second Circuit Court of Appeal, relying upon Milam v. Municipal Fire and Police Civil Service Board of DeRidder, 253 La. 218, 217 So.2d 377 (1968), dismissed the appeal by the City of Minden to the Twenty-Sixth Judicial District Court in this municipal civil service proceeding. The appeal was dismissed by the court for failure to include in the notice of appeal the allegation that the Municipal Civil Service Board had not acted "in good faith for cause." 263 So.2d 410. We granted certiorari to re-examine Milam v. Municipal Fire and Police Civil Service Board of DeRidder, supra, and the procedural bases upon which it rests. 262 La. 1084, 266 So.2d 218 (1972). We now hold that the appeal is legally sufficient.
The operative facts are primarily procedural. On June 7, 1971, the City of Minden terminated the employment of Troy Odom, the City's only full-time fire inspector. The reason given for this action was that the size and economic structure of the community did not make a full-time inspector feasible. Odom appealed to the Minden Municipal Fire and Police Civil Service Board.
The Board ordered reinstatement, reaching the conclusion that the termination of the one position in a one-position-classification was tantamount to the abolition of the classification, a step requiring public hearings. No such hearings were held in this case.
The City appealed to the Twenty-Sixth Judicial District Court. That Court reversed the Board holding that the abolition of the position was not the abolition of the classification. Odom then appealed to the Second Circuit Court of Appeal, where, as we have noted, the court proceeding was dismissed because of the inadequacy of the notice of appeal.
The notice of appeal from the Board to the Twenty-Sixth Judicial District Court reads as follows:
"Please take notice that the City of Minden, Louisiana, will appeal the decision of the Minden Municipal Fire and Police Civil Service Board rendered August 6, 1971. This appeal is taken under the provision of Section 2501, Title 33, Revised Statutes of the State of Louisiana, and is based upon the fact that the City of Minden acted in good faith for cause in abolishing the classification of Fire Inspector, contrary to the finding of the Board.

*119 "Demand is hereby made that a certified transcript of the record, written findings of fact, and all papers and documents on file in the office of the board affecting or relating to such decision be filed with the 26th Judicial District Court at Minden, Louisiana.
"Minden, Louisiana, this 12th day of August, 1971."
The Louisiana Constitution, Art. 14, § 15.1, para. 31, provides in part:
"Any employee under classified service and any appointing authority may appeal from any decision of the board, or from any action taken by the board under the provisions of the Section which is prejudicial to the employee or appointing authority. This appeal shall be taken by serving the board, within thirty days after entry of its decision, a written notice of appeal, stating the grounds thereof and demanding that a certified transcript of the record, or written findings of fact, and all papers on file in the office of the board affecting or relating to such decision, be filed with the designated court. The board shall, within ten days after the filing of the notice of appeal, make, certify, and file the complete transcript, with the designated court, and that court shall thereupon proceed to hear and determine the appeal in a summary manner. This hearing shall be confined to the determination of whether the decision made by the board was made in good faith for cause under the provisions of this Section. No appeal to the court shall be taken except upon these grounds." (Italics ours).
These provisions are also found in LSA-R.S. 33:2501 and 33:2561. Based on this language, we stated in Milam v. Municipal Fire and Police Civil Service Board of DeRidder, supra:
"We are of the opinion that those decisions are correct, and we again reaffirm the principle that the jurisdiction or authority of the district court in an appeal governed by the provisions of LRS 33:2501 and 2561 is limited to a determination of whether the action of the Board was made in good faith for cause; and that, consequently, the allegation that it was not so made must necessarily be included in the notice of the appeal.
"We need not at this time decide whether the specific words `in good faith for cause' are essential in the notice of appeal. But we do hold that either they must be used or such facts must be stated from which it might be deduced that the Board had not acted in good faith for cause."
We now hold that the words "not in good faith for cause" are unnecessary for a valid notice of appeal. The constitutional language, we think, is directed to the scope of judicial review, rather than the content of the notice of appeal. To hold otherwise would impose more technicality in these administrative proceedings than in ordinary actions. We find no adequate basis for such a stringent requirement.
As we held in Smith v. Board of Com'rs of Port of New Orleans, 262 La. 96, 262 So.2d 383 (1972), the rule that appeals are favored in law also applies in civil service matters.
It suffices if the notice of appeal contains a reasonably clear and concise statement of the action from which the appeal is taken. The notice given to the Board, in our opinion, contains such a statement. Hence, the court proceeding should be maintained.
Insofar as Milam v. Municipal Fire & Police Civ. S. Bd. of DeRidder, supra, may conflict with this holding, it is overruled.
For the reasons assigned, the judgment of the Second Circuit Court of Appeal is reversed and the case is remanded to that court for consideration of the merits. The assessment of costs is to await the final disposition of the case.