WILLIAMS, Judge.
Troy S. Odom was a permanent employee, under the classification of Fire Inspector, for the City of Minden Fire Department. On June 7, 1971, the Minden City Council voted to abolish the position of Fire Inspector. The following day the Mayor of the City of Minden gave Odom verbal notice of his dismissal. Concurrently Odom was offered another position'with less pay. He did not accept this offer and appealed the action of the City Council to the Minden Municipal Fire and Police Civil Service Board (hereinafter referred to as Board) seeking reinstatement to his former position.
The Minden City Council gave no prior notice to the Board of its intention to abolish the position of Fire Inspector and on June 16, 1971, notified the Board by letter.
From the evidence presented at the hearing, the Board concluded the City’s action was not taken in accordance with law. The Board found the City of Minden first needed to hold a public hearing and then make a decision in order to abolish a “class”. The classification of Fire Inspector had been illegally abolished and Troy Odom was ordered reinstated with full pay from the date of termination.
An appeal was taken by the City of Min-den to the Twenty-Sixth Judicial District Court, and on February 14, 1972, the District Court reversed the decision of the Board and dismissed Odom’s demands. Odom appealed.
*661 The Board, for cities like Minden, was established under LSA-Const. 14 § 15.1 providing for a Municipal Fire and Police Civil Service Board for all municipalities with a population of not less than 13,000 nor more than 250,000. After its establishment this Board adopted a “classification plan” for the Minden Fire and Police Departments. In the original classification plan only the class of Fire Captain was established, but was later amended to include the class of Fire Inspector. Odom was a classified employee in the position of Fire Inspector.
Odom contends the trial court was in error in the following respects: (1) in exceeding its constitutional scope of review in not finding the Municipal Fire and Police Civil Service Board of Minden acted “in good faith for cause”; (2) in reversing a factual finding by the Board and holding the action of the Minden City Council constituted the abolition of a “position” in the classified service rather than the abolition of the “classification” of Fire Inspector; and (3) in failing to find Odom’s employment was illegally terminated.
Odom’s first contention is without merit. The applicable Louisiana Constitutional provision affording any appointing authority a right of judicial review from the decision of the Board is contained in the third paragraph of LSA-Const. Art. 14 § 15.1(31) as follows:
“Any employee under classified service and any appointing authority may appeal from any decision of the board, or from any action taken by the board under the provisions of the Section which is prejudicial to the employee or appointing authority. This appeal shall be taken by serving the board, within thirty days after entry of its decision, a written notice of appeal, stating the grounds thereof and demanding that a certified transcript of the record, or written findings of fact, and all papers on file in the office of the board affecting or relating to such decision, „be filed with the designated court. The board shall, within ten days after the filing of the notice of appeal, make, certify, and file the complete transcript, with the designated court, and that court shall thereupon proceed to hear and determine the appeal in a summary manner. This hearing shall be confined to the determination of whether the decision made by the board was made in good faith for cause under the provisions of this Section. No appeal to the court shall be taken except upon these grounds.”
The above constitutional provision intends for the reviewing court to consider the record of the board proceedings as already prepared, determine the appeal “in a summary manner”, and confine the judicial review “to the determination of whether the decision made by the board was made in good faith for cause under the provisions of this Section. No appeal to the court shall be taken except upon these grounds.” See Bland v. City of Houma, La.App., 264 So.2d 729 (1st Cir. 1972). The district court did not question the good faith of the Board in its decision, but found it was without legal cause since it was based on error of fact and law.
The Board’s conclusion that the Minden City Council sought to abolish the “class” of Fire Inspector was held erroneous by the District Court, which factually found the action of the City Council was to terminate only a position held by Odom. Odom was offered another position in which his talents would benefit the city. We agree with the District Court.
In letters by Mayor Colten of June 16, 1971, the Board was advised the City Council voted “to abolish the position of Fire Inspector”. There is no reference to any amendment to the “Classification Plan” or change of "class” by the Council. The Board placed its own interpretation on the Council’s action by declaring it an attempt to abolish a “class”, since there was *662 only one employee, Odom, as Fire Inspector.
Odom and the City of Minden agree the City Council has the right to abolish a position (LSA-Const. 14 § 15.1(28)) without notice or consultation with the Board. We find this was the action of the Minden City Council.
For the reasons assigned, the judgment of the district court is affirmed at appellant’s costs.
Affirmed.