SUMMERS, Justice
(dissenting).
Troy S. Odom was first employed by the City of Minden, Louisiana Fire Department on April 1, 1959 as a captain. At that time all employees of the fire department had the rank of captain and were unclassified employees. In 1963 Odom suffered a heart attack and, after recovery, returned later that year to work at the fire department performing lighter duties.
In 1966 under authority of Article XIV, Section 15.1, The Municipal Fire and Police Civil Service Law, the City of Minden, adopted a classification plan for firemen and policemen in civil service. Initially only one class was established for the fire department, that of fire captain. On June 27, 1967 the classification “Fire Inspector” was created. Only one position was assigned to this classification, and the city of Minden appointed Odom to fill that position.
After almost four years the Mayor and Councilmen of the city of Minden realized that a city of that size could not provide enough work to justify the position of fire inspector. Accordingly, they discharged Odom as fire inspector and abolished the position. The Mayor called Odom into the office, advised him of the action of the appointing authority and offered him employment elsewhere with the city’s building inspector’s office.
There is no intimation in this record that Odom’s discharge was for “political, religious, or discriminatory reasons” as repro-bated by Paragraph 14, or that the appointing authority did not act in good faith as required by Paragraph 31, of The Municipal Fire and Police Civil Service Law. To the contrary, it is undisputed that the position was abolished because work could not be provided to occupy Odom’s time or to result in meaningful service to the community. And, since there were no other positions in the fire inspector classification, Odom was offered employment outside the classified service, but at a lower salary which he refused to accept. La.Const. Art. .XIV, ¶ 15.1, par. 28.
Odom complained to the Minden Municipal Fire and Police Civil Service Board that his termination was “illegal and arbitrary, and without a just cause.” It was his position that the City Council intended to abolish the classification of fire inspector and that the method they adopted to carry out this intention was to discharge him. He contended this action did not comply with the procedure established by Article XIV, Section 15.1 of the constitution. He argued that the constitution dictated that an established classification could be abolished only after complying with prescribed procedure, such as notice and a public hearing. La.Const. Art. XIV, jf 15.1, pars. 8, 13. He therefore requested that the Board hold a public hearing and order his reinstatement in his former position in the classified service with full pay from the date of his termination.
A hearing was held by the Civil Service Board at which evidence was taken and transcribed. At the conclusion of the hearing the Board made this finding:
“1. On June 7, 1971 Troy S. Odom was a regular and permanent employee of the classified service of the Min-den Fire Department holding the classification of fire inspector.
“2. On June 7, 1971 the Minden City Council by unanimous vote at its regular meeting attempted to abolish the classification of fire inspector in the Minden Fire Department.
“3. On June 8, 1971 verbal notice was given to Troy S. Odom by the May- or of the City of Minden, Tom Col-ton that he was no longer employed in the Minden Fire Department as a fire inspector, but that he was being *466 offered a position in the building-inspector’s office if he desired to accept it.
“4. No notice was given the Minden Municipal Fire and Police Civil Service Board by the Minden City Council of their action in abolishing the position of fire inspector until June 17, 1971 when written notice was received in response to a request of a board member. The Civil Service Board had taken no prior action on this matter nor had it been requested to consider same and no public hearing had been held by the Board.
“5. Troy S. Odom did not accept the alternate position in the building inspector’s office but appealed the action of the appointing authority to this Board requesting reinstatement in his former position of the classified service of the Minden Fire Department.”
In the opinion of the Board “the abolition of the classification of fire inspector by the appointing authority . . . was not in accordance with the law.” The appointing authority was ordered to reinstate Odom to his former position in the classified service with full benefits retroactive to his discharge.
The city of Minden appealed from the Board order under the authority of Section 2501 of Title 33 of the Revised Statutes basing its appeal upon the fact that “the City of Minden acted in good faith for cause.” The trial court reversed the decision of the Board and dismissed Odom’s complaint. When the Board applied to the State Supreme Court for certiorari to review the trial court judgment, we ruled that plaintiff’s proper remedy was by appeal to the appropriate court of appeal. 260 La. 597, 256 So.2d 639. An appeal was thereafter perfected to the Second Circuit. That court, relying upon decisions of this Court then in effect, held that the notice of appeal filed by the city of Minden was defective, for it did not contain an allegation that the Board’s action was not in good faith for cause. 263 So.2d 410.
We granted writs on the City’s application and reversed the Second Circuit, holding that “It suffices if the notice of appeal contains a reasonably clear and concise statement of the action from which the appeal is taken.” The Notice to the Board, in our opinion, contained such a statement. Earlier decisions in conflict with this decision were overruled. The decision also announced that the reference to “good faith for cause” in the context of an appeal referred to the scope of review. The case was remanded to the Second Circuit for consideration on the merits. 281 So.2d 117. On remand the Second Circuit affirmed the District Court. 287 So.2d 659. Writs were granted to review the case on Odom’s application, 289 So.2d 154, and this decision is the result.
The constitution permits, and all parties agree, that an appointing authority may abolish a position in the classified service without the formality of a Board hearing. Abolition of a classification within the classification plan, on the other hand, requires a public hearing before the Board with notice, etc., La.Const. Art. XIV, Sec. 15.1, pars. 13, 28. The city of Minden contends that it abolished a position, whereas Odom asserts that his discharge amounted to the abolition of a classification. While the Board held that a classification was abolished, the District Court and Court of Appeal both held that a position was abolished when Odom was discharged.
In any event, the Board’s function at the initial hearing on Odom’s complaint was to determine “whether the action taken against the employee was made in good faith for cause.” La.Const. Art. XIV, |fl5.1, par. 31.
As I have noted there is no showing whatsoever that the city of Minden did not act in good faith. That much of the determination, therefore, was in the City’s favor. It remains to ascertain whether the *467 Board determined that the action taken against Odom was or was not for cause. It was not for political, religious or discriminatory reason, all agreed. Those grounds are surely not permissible causes. The true cause then, as the record shows, was the fact that there was not enough work to occupy Odom; and the Mayor and Council could not justify his retention in the City’s employ; that was the cause for the action taken against Odom. There was, therefore, both good faith and a cause for the action of the City.
The abolition of the position which occurred simultaneously with Odom’s discharge was an effect, a result of the action against Odom, not the cause. Even if it should be concluded that the City attempted, improperly, to abolish the classification of fire inspector, that was not the cause of action against Odom.
To repeat, the “cause” of the action of the city of Minden against Odom was the lack of work and the inability of the responsible appointing authority to justify his retention on the payroll in the position of fire inspector. The action was taken in good faith and not for any reason repro-bated by the constitution. Whether the City abolished the position of fire inspector or attempted, improperly, to abolish the classification has no bearing upon the inquiry the Board was authorized to make. Its function was confined to a determination of whether the action of the city of Minden was in good faith for cause.
In my view the City acted in good faith for cause. The Board, therefore, was properly reversed by the District Court on the Board’s finding that the City acted illegally in abolishing the classification. That is to say, the District Court’s authority was also “confined to the determination of whether the decision made by the board was made in good faith for cause.” La. Const. Art. XIV, jflS.l, par. 31.
There is no doubt that the Board acted in good faith. But, in finding that the City improperly abolished the classification, the Board gave a wrongful cause for its action. Its action should have been based upon whether or not the City had correctly concluded that there was no work for Odom and no justification for his retention in the position. A ground for reversal of the City’s action by the Board would be a finding to the contrary — that there was ample work for Odom as a fire inspector and there was, in fact, justification for retaining him on the job, for his presence was needed for the proper function of the fire department.
For these reasons I respectfully dissent.