331 So.2d 72 (1976)
Charles PELLETIER
v.
EXECUTIVE DEPARTMENT, DIVISION OF STATE BUILDINGS AND GROUNDS.
No. 10673.
Court of Appeal of Louisiana, First Circuit.
April 12, 1976.
Floyd J. Falcon, Jr., Baton Rouge, for appellant.
Phil E. Miley, Baton Rouge, for appellee.
Before LANDRY, COVINGTON and PONDER, JJ.
COVINGTON, Judge:
Charles Pelletier, appellant in these proceedings, was employed as a Capitol Area Security Officer by the Division of State Buildings and Grounds of the State of Louisiana. By a letter dated February 4, 1975, the appellant was discharged from his employment, said discharge to be effective on March 7, 1975. An inspection of said letter, and the stipulated facts, establish that the letter was actually written on March 4, 1975. Mr. Pelletier appealed his discharge to the State Civil Service Commission; his motion for Summary Disposition, directed at the authority of R. N. Rizan, Sr., Superintendent of the Division of State Buildings and Grounds, to remove him, was denied. Also, his request for reinstatement was denied. This appeal was perfected following the Commission's ruling. We affirm in part, reverse in part and remand.
Among other alleged errors, the appellant argues that Mr. Rizan did not possess the requisite authority to dismiss him. For the reasons assigned in our decision this date in the case of Johnny Caston v. Executive Department, Division of State Buildings and Grounds, No. 10-660, we find that Mr. Rizan did possess such authority.
*73 However, we find that the Commission erred in another facet of the case. The appointing authority (Authority) terminated Mr. Pelletier's employment under Rule 12.3[1], but the Commission improperly treated it as having acted under Rule 12-10(a)[2] and held, therefore, that the employee was not disqualified for non-competitive reemployment[3] as provided in Rule 8.18(d)[4]. Nevertheless, even had the Authority proceeded under Rule 12.10(a), the record does not reflect the requisite certification to the Director. As a consequence of acting under Rule 12.3, the employee was deprived of his opportunity to be reemployed under Rule 8.18(d). Further, he may have been deprived of certain rights during the interim from date of discharge to date of the Commission's decision[5].
Rules of the Civil Service Commission have the effect of law; Article 10, § 10(A)(4), Louisiana Constitution of 1974. Such Rules are strictly construed; Pettit v. Reitzell, 202 La. 12, 11 So.2d 13 (1942); State ex rel. Murtagh v. Department of City Civil Service, 215 La. 1007, 42 So.2d 65 (1949).
Therefore, we find that the equities of the case justify a remand to the Civil Service Commission for further proceedings not inconsistent with our views. The Commission is assessed with those costs for which it may be liable under existing law.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
NOTES
[1] 12.3 Procedure in Adverse Actions for Cause, Except Suspensions. In every case of removal, demotion or reduction in pay for cause of a permanent employee the appointing authority or his authorized agent shall furnish to the employee at the time such action is taken, or prior thereto, a statement in writing giving detailed reasons for such action. The appointing authority shall furnish the Director a copy of such statement within 15 calendar days of the date the employee is notified.
[2] 12.10 Special Provisions for Separation of Sick or Disabled Employee.

(a) An employee absent from work because of a disability which prevents performance of the usual duties and responsibilities of his or her position and who has exhausted all sick leave, may be removed by the appointing authority upon certification to the Director by such appointing authority that the interests of the service require that the duties of the position be carried on without further interruption. Such removal shall not disqualify the former employee for non-competitive reemployment as provided in Rule 8.18.
[3] Mr. Pelletier, at the time of his discharge, was not able to perform all of the normal duties of his position, but complained that he was not accorded equal treatment as others similarly situated, i.e., light duty.
[4] 8.18 Noncompetitive Re-employment based on Prior Service. * * * (d) No former employee whose last separation from the Classified service was by removal due to delinquency, misconduct, or unsatisfactory performance, or by resignation to escape possible disciplinary action shall be eligible for nocompetitive re-employment under the provisions of this Rule; nor shall any person acquire eligibility for noncompetitive re-employment through service in a position from which he was separated or demoted for delinquency, misconduct or unsatisfactory performance.
[5] There was some testimony that he might have been able to return to work during that interim period.