405 So.2d 1132 (1981)
The CITY OF HOUMA
v.
HOUMA MUNICIPAL FIRE AND POLICE CIVIL SERVICE BOARD and Daniel Turner.
No. 14225.
Court of Appeal of Louisiana, First Circuit.
October 12, 1981.
Rehearing Denied November 23, 1981.
*1133 Robert P. Cuccia, Houma, for plaintiff and appellee.
Stanwood Duval, Houma, for defendant and appellant Houma Municipal Fire & Police Civil Service Bd.
Anderson Council, Kenner, for defendant and appellant Daniel Turner.
Before CHIASSON, EDWARDS and LEAR, JJ.
LEAR, Judge.
This matter is one dealing with a civil service employee who was suspended from duty, without pay, for alleged unauthorized absence from his job as a fireman. Captain Daniel Turner, appellant, was suspended for a period of thirty-one days without pay. This suspension was appealed to the Houma Municipal Fire and Police Civil Service Board (hereinafter referred to as the Board), which modified the suspension to ten days without pay. The City of Houma appealed this modification to the district court, which vacated the modification of the Board and reinstated the thirty-one day suspension. Appellant now appeals from the decision of the district court in favor of appellee, the City of Houma.
Appellant first argues that the notice of appeal by the City of Houma to the district court was defective in that it did not contain the allegation that the Board's ruling was not made in good faith and that it did not specify any acts or make any allegations from which the conclusion could be drawn that the Board's ruling was not made in good faith. Appellant contends that, as a consequence of these omissions, the City of Houma's appeal should have been dismissed at the district court level. He cites Milam v. Municipal Fire and Police Civil Service Board of DeRidder, 253 La. 218, 217 So.2d 377 (1968), as support for this position.
We disagree. The case cited by appellant has been specifically overruled, and it has been established that the notice of appeal is adequate if it contains a reasonably clear and concise statement of the action from which the appeal is taken. Odom v. City of Minden, 281 So.2d 117 (La.1973). See also Touchette v. City of Rayne, Municipal Fire & Police Civil Service Board, 321 So.2d 62 (La.App. 3rd Cir., 1975).
The notice of appeal herein specifically stated that the appeal was taken from the action of the Board in reducing the length of appellant's suspension. We find that this statement is adequate and that the district court did not err in refusing to dismiss the appeal.
Secondly, appellant argues that the district court erred in finding that the City of Houma acted in good faith for cause when it suspended appellant for thirty-one days and in vacating the Board's modification of the suspension.
The record reveals that on November 11, 1977, appellant went to his doctor with a complaint of muscle strain in his lower back. He was scheduled for duty with the department on that day. Although appellant obtained a "sick slip" from his physician, he did not in turn deliver it to the Houma Fire Department on the day he was *1134 ill, as required by department regulations. The slip was not delivered until November 14, although appellant claimed that he went to the station on November 11 and attempted to deliver the slip while everyone was out on call. The department denied this assertion, contending that someone was always on duty at the station.
Four "sick slips" were actually presented by appellant. The first two, dated November 11, 1977, noted that appellant could return to work on that day. A third, also dated November 11, indicated that he was unable to return to duty for several days. A fourth slip was submitted, dated November 16, which indicated that appellant was able to return to full duty. Appellant contends that the first two "sick slips" were in error and that the third and fourth slips proved that error. He further complains that he was not allowed to present his side of the matter before he was suspended.
According to Fire Department Standard Operating Procedures, Item 39, appellant was supposed to be afforded a departmental hearing within forty-eight hours of a recommendation for suspension before any suspension went into effect. However, when appellant returned to work on November 17, 1977, he was notified that he was suspended from work as of the 15th. There is some evidence in the record that appellant was told that it was too late to apply for a departmental hearing. There is also evidence in the record that appellant waived his right to that hearing. However, we do not believe that it is possible for appellant to have waived his right to a hearing before suspension if he was suspended before he was notified of the proposed action.
On the other hand, we also note that appellant was not entirely without fault in the matter. He did not fully comply with regulations in that he apparently left home on two occasions while he was supposed to remain at home due to his illness.
Appellant filed an appeal from his suspension with the Board, wherein he presented his case and the several "sick slips." The Board rendered an opinion in which it stated that it "felt that all parties concerned were at some fault." The Board specifically stated: "This is the reason for the modification." The suspension of appellant was modified from thirty-one to ten days, without pay.
The district court held that the City had acted in good faith for cause when it suspended appellant. Furthermore, the district court found that the Board itself concluded that the City had acted in good faith for cause. As a consequence of this holding, the district court concluded that the Board lacked authority to modify the suspension. It then vacated the modification by the Board and reinstated the original thirty-one day suspension.
With regard to review of the Board's findings, we note that, in civil service appeals, the issue before the courts is limited to whether or not the determination of the Board was made in good faith for legal cause. La.R.S. 33:2561; McIntosh v. Monroe Municipal Fire and Police Civil Service Board, 389 So.2d 410 (La.App. 2nd Cir., 1980), writ denied 395 So.2d 1363 (La.1981). Unless the record reveals a lack of sufficient evidence to support the decision of the Board, and unless the Board's decision is clearly wrong or manifestly erroneous, that decision must be affirmed. McIntosh v. Monroe Municipal Fire and Police Civil Service Board, supra. See also Petrus v. Guin, 378 So.2d 1016, (La.App. 2nd Cir., 1979).
Our review of the record herein convinces us that the Board's finding that both appellant and appellee were at fault to some extent was supported by sufficient evidence. The finding of the Board is not clearly wrong or manifestly erroneous. Hence, we find that the district court erred in concluding that the City of Houma acted in good faith in suspending appellant for thirty-one days.
We also find that the district court erred in finding that the Board was without authority to modify the decision of the appointing authority. The law applicable to this issue is Louisiana Revised Statute 33:2561, which provides, in pertinent part:

*1135 "... After such investigation the board may, if the evidence is conclusive, affirm the action of the appointing authority. If they find that the action was not taken in good faith for cause under the provisions of this Part, the board shall order the immediate reinstatement or reemployment of such person in the office, place, position, or employment from which he was removed, suspended, demoted, or discharged, which reinstatement shall, if the board so provides, be retroactive and entitle him to his regular pay from the time of removal, suspension, demotion, discharge, or other disciplinary action. The board may modify the order of removal, suspension, demotion, discharge, or other disciplinary action by directing a suspension without pay, for a given period ...."
The district court correctly noted that, absent a finding of bad faith, the Board is without authority to modify the ruling of the appointing authority. City of Kenner v. Wool, 320 So.2d 245 (La.App. 4th Cir., 1975). In this respect, we agree with the district court. However, we disagree with that court's finding that the Board found that the City was acting in good faith. The opinion of the Board specifically found both parties to be at fault to some extent. We can only interpret that statement to mean that the Board found both parties lacked good faith to some extent. Hence, the Board did possess the authority to modify the City's imposition of a thirty-one day suspension.
For the foregoing reasons, we reverse the decision of the district court and reinstate the decision of the Houma Municipal Fire and Police Civil Service Board, modifying the suspension of appellant from thirty-one to ten days, without pay. The City of Houma, appellee, is to pay costs in the amount of $215.92.
REVERSED.