BARHAM, Justice.
Troy S. Odom was first employed by the fire department of the City of Minden, Louisiana on April 1, 1959. At that time all employees of the fire department had the rank of captain and were unclassified employees. In 1966 the City of Minden adopted a classification plan for firemen in civil service pursuant to the rules set forth in La.Const. Art. XIV, § 15.1. Initially only one class was established, that of fire captain. On June 27, 1967, the classification of “Fire Inspector” was created. Only one position was assigned to that classification, and Odom was appointed to fill that position.
*463 At a regular meeting on June 7, 1971, the Minden City Council, the appointing authority for the city’s fire and police civil service system, voted to abolish the position of fire inspector. Thereafter, the Mayor verbally informed Odom that he had been discharged from that position and offered him similar employment elsewhere with the city’s building inspector’s office. This position was outside the city’s classified system and it entailed a decrease in salary.
Odom refused the new position and appealed the abolition of his former position to the Minden Municipal Fire and Police Civil Service Board, alleging that it was the City Council’s intention to abolish the entire classification of “Fire Inspector” by discharging him. It was his contention that this action was in violation of La. Const. Art. XIV, § 15.1, which mandates a specific procedure including notice and public hearing prior to abolition of a classification. A hearing was held and the Board ordered Odom reinstated with retroactive benefits pursuant to its findings that: (1) the city was attempting to abolish the classification of “Fire Inspector”; (2) no prior notice had been given the Board as required; and (3) the requisite hearing had not been held. In the Board’s opinion, “ * * * the abolition of the classification of fire inspector by the appointing authority . . . was not in accordance with the law * *
The City of Minden appealed the Board’s order to the Twenty-sixth Judicial District Court, Webster Parish, under the authority of La.R.S. 33:2501, basing its appeal on the fact that the city had acted “in good faith for cause”. The trial court reversed the Board’s decision and dismissed Odom’s complaint, finding as a fact that the City Council had acted to “abolish a position” rather than a classification, an action that requires no notice to the Board or hearing. The Board’s application to this Court for review of the trial court’s judgment was denied on the ruling that its proper remedy was by appeal to the appropriate court of appeal. 260 La. 597, 256 So.2d 639 (1972). An appeal was perfected to the Second Circuit Court of Appeal, which declined to decide the case on its merits, holding that the city’s notice of appeal was fatally defective for its lack of any allegation that the Board’s action was not in good faith for cause. 263 So.2d 410 (La.App.2d Cir. 1972).
We granted writs on the city’s application and reversed the Second Circuit, holding that “ * * * it suffices if the notice of appeal contains a reasonably clear and concise statement of the action from which the appeal is taken. * * * ” The Notice to the Board, in our opinion, contained such a statement. Earlier decisions in conflict with this were overruled. The decision also announced that the reference to “good faith for cause” in the context of an appeal referred to scope of review only. The case was remanded to the Second Circuit for consideration on the nerits. 281 So.2d 117 (La.1973). On remand, the Second Circuit affirmed the district court’s judgment. 287 So.2d 659 (La.App.2d Cir.1973). This review results from granting writs to review on Odom’s application. 289 So.2d 154 (La.1974).
The Constitution permits, and all parties agree, that an appointing authority may abolish a position in the classified civil service without the formality of a Board hearing. However, abolition of a classification within the classification system requires a public hearing before the Board in compliance with the procedure set out in La.Const. Art. XIV, § 15.1, fifí 13, 28. Odom contends that the termination of his employment amounted to the abolition of a classification whereas the city asserts that it merely abolished a position. The Board held that a classification had been abolished, but the District Court and Court of Appeal both held that only a position was abolished. Therefore, the threshold issue that we must resolve is whether the city’s action resulted in the abolition of a position or of a classification.
*464 The two terras are defined in La.Const. Art. XIV, § 15.1, ¶1 3:
“e. ‘Class’ or ‘class of position’ means a definitely recognized kind of employment in the classified service, designated to embrace positions that are so nearly alike in the essential character of their duties, responsibilities, and consequent qualification requirements, that they can fairly and equitably be treated alike under like conditions for all personnel purposes.

“m. ‘Position’ means any office and employment in the municipal fire and police services, the duties of which call for services to be rendered by one person.”
From these definitions and a reading of the related paragraphs of Art. XIV, § 15.1, it can be seen that the Constitution clearly envisions classes of positions or jobs; each class can be composed of any number of positions, or of only one, as in the case before us. One position within a classification could be abolished without leaving that classification of duties unmanned regarding the public’s protection; abolition of an entire classification, however, also abolishes an entire category of services to the public. Clearly, a class cannot exist if no one is employed in any job within it and there is no intention that anyone be employed therefor. To permit a class to exist under such circumstances would be tantamount to granting to the appointing authority the power to alter the classification plan, in direct contravention of the clear wording of La.Const. Art. XIV. The Minden City Council decided that the duties of a full-time “Fire Inspector” were insufficient to justify the continued expense of maintaining an employee in that classification. Thus the substance of the City Council’s action discharging Odom was to eliminate that classification entirely. This was accomplished without prior written notice to Odom, without a public hearing, and without any action by the Board, all of which are required by La.Const. Art. XIV.
The judgments of the trial and appellate courts are reversed, and the case is remanded to the trial court with instructions that Odom be reinstated to his former position under the classification of “Fire Inspector”, with full benefits retroactive to the date of his discharge, including but not limited to full pay and seniority rights. Costs are assessed against the City of Min-den.
Reversed and remanded.
TATE, J., concurs and assigns reasons.
SUMMERS, J., dissents for the reasons assigned.
SANDERS, C. J., and MARCUS, J., dissent for the reasons assigned by SUMMERS, J.