FORET, Judge.
George A. Gwatney (plaintiff) brought this action seeking judicial review of a decision by the Lafayette Municipal Civil Service Board (the Board) upholding certain actions taken by the defendant, City of Lafayette, which resulted in the abolishment of plaintiff’s position as defendant’s Environmental Services Manager.
The trial court, after hearing plaintiff’s appeal, rendered judgment in favor of plaintiff ordering defendant to reinstate plaintiff to his former position with back pay from the time of his discharge therefrom on December 31, 1980, and for all fringe benefits and other benefits appertaining to his employment with defendant, which he would have received during this same period of time.
Defendant appeals from the trial court’s judgment and raises the following issues:[1]
Whether the trial court committed manifest error:
(1) in failing to sustain defendant’s exception of lack of jurisdiction and alternative exceptions of no right and cause of action;
(2) in finding that the abolishment of plaintiff’s position was improper because plaintiff was laid off for reasons not permitted under the Lafayette Civil Service Code (the Code); and
(3)in finding that defendant had failed to follow the proper procedure under the code for abolishing plaintiff’s position.
FACTS
Plaintiff was first employed by defendant on December 6, 1976, in the position of Personnel Section Supervisor. He served in that position for two years, and was then promoted to Assistant Administrative Services Manager. In June of 1980, plaintiff was approached by certain of defendant’s high-level employees and was asked to assume a new position that was being created to be known as the Environmental Services Manager. He was told that defendant was having problems operating the new N. Du-gas Landfill and that one of his duties would be to oversee the operation of that facility. At the time, it was contemplated that plaintiff would perform these duties until defendant entered into a contract with a firm named Waste Management, Inc., for the operation of the landfill. Plaintiff would then have as one of his duties the responsibility of making sure that Waste Management, Inc. complied with the terms of its contract with defendant.
However, negotiations with Waste Management, Inc. fell through in early December of 1980, and defendant decided that it would attempt to operate the landfill on its own. A new position of Landfill Supervisor was then created, and the requirements for holding that position included five years experience with the operation of heavy equipment for excavating, etc. Plaintiff did not have the background to meet these requirements. He was informed around the *1030 middle of December of 1980, that the position of Environmental Services Manager was to be abolished effective December 31, 1980. Plaintiff was told that he could attempt to write up a job description to justify the creation of a new position, similar to the one he now held, except that his duties would no longer include the operation of the landfill. Plaintiff did this but was then told that such a position could not be justified as other employees could perform the remaining duties of the Environmental Services Manager. Plaintiff was offered another position with defendant, but would have taken a substantial cut in pay had he accepted it. Plaintiff refused to take the position offered and appealed the abolishment of his position to the Board.
An investigation was held by the Board, which ultimately decided that defendant had acted in good faith in abolishing plaintiff’s position. Plaintiff then appealed from the decision of the Board to the trial court. His appeal was based on three grounds. First, that the Board had erred in finding that defendant had acted in good faith in abolishing his position. Second, that defendant had acted without proper cause, as set forth in the code, and by Act 288 of 1958, in abolishing his position. Third, that the abolishment of his position was not accomplished according to the procedure set forth in the code for undertaking such action. Defendant filed a declinatory exception of lack of jurisdiction, and peremptory exceptions of no right of action and no cause of action. There is no indication in the record that the trial court made any ruling on defendant’s exceptions, but obviously it rejected them.
DEFENDANT’S EXCEPTIONS
In essence, defendant argues that under the provisions of the code, plaintiff has no right to appeal to the trial court from the decision of the Board upholding the action taken by it in abolishing his position. We find no merit to this argument. Defendant cites certain provisions of the code in its brief filed in this Court, but none of these support the position it has taken. To the contrary, these provisions clearly give plaintiff the right to appeal from the decision of the Board. Section 121(B) of Subpart B of the Lafayette Code (Act No. 288 of 1958, Sec. 21), provides, in pertinent part:
“(B) Any employee under Classified Service and any appointing authority shall have the right to appeal from any decision of the Board, or from any action taken by the Board under the provisions of the Act and which is prejudicial to said employee or appointing authority. This appeal shall lie direct to the court of original and unlimited jurisdiction in civil suits of the parish wherein the Board is domiciled .... ”
ABOLISHMENT OF PLAINTIFF’S POSITION FOR UNJUSTIFIED AND IMPROPER CAUSES
Defendant contends that the trial court, in reviewing actions taken by the Board, is limited to making a determination of whether the decision made by the Board was or was not made for just cause under the code. It argues that the trial court ignored this limitation in finding that plaintiff had been denied due process as provided for in the code. We disagree.
The trial court noted the following regarding this issue in its written reasons for judgment:
“(1) Improper Abolishment
As Petitioner correctly points out, the pivoting (sic) issue of this allegation is the meaning of ‘abolishment’, whether it is within the context of ‘abolishment of class’ or ‘abolishment of position’. In either situation, there are formal requirements and procedures which must be honored by the hiring authority.
According to the Lafayette Civil Service Code, the Petitioner was subject to the rules and regulations of the Civil Service Code, as he held a position of ‘Classified Service’. (Section 106 of Code) In this particular instance, this Court feels there was clearly an ‘abolishment of a position’, i.e., the position of Environmental Services Manager, as well *1031 as an ‘abolishment of class’, because the classification had been eradicated via an assumption of such duties by the Landfill Supervisor. In essence, Mr. Gwatney has been the victim of a ‘lay-off’ (Section 3, Rule 9 of the Civil Service Rules and Regulations), which is defined as ‘the removal of an employee, in accordance with the provisions of Act 288 of 1958, because of lack of work, failure of financial appropriation, or other causes which do not reflect on the employee’. This definition is very pertinent. Mr. Gwat-ney has clearly been laid off for a reason that does not satisfy the requisite conditions for a person being laid off. That is, he was laid off because he did not have five (5) years experience in operating a landfill. As this Court interprets the regulations, a dismissal such as this is a reflection on the employee’s abilities. Therefore, this is not a permissible reason for a lay-off, particularly because the City knew or should have known of Gwatney’s qualifications, or lack of qualifications, prior to his appointment. This Court finds that Mr. Gwatney was ‘laid off’ in such a manner so as to deprive him of due process in accordance with the Civil Service Rules and Regulations.”
There was evidence in the record to support the trial court’s finding that plaintiff had been laid off by defendant. Defendant concedes this in its brief filed in this Court. The evidence also supports the trial court’s finding that plaintiff was laid off for reasons which reflect on his abilities to perform his former job with defendant. As the trial court noted, the code and the act provide that lay-offs shall be for reasons which do not reflect on the employee. In effect, the decision of the Board upholding the action taken by defendant in laying off plaintiff supports an action taken in violation of the code and the act. For this reason, we find the Board’s decision to have been made without just cause.
CLASS OR POSITION?
Defendant contends that the trial court committed manifest error in finding that it had failed to follow the provisions of the code regarding the abolishment of a class. It argues that the class in which plaintiff’s position was placed was not abolished at the time his position was abolished. Thus, those provisions of the code requiring the Board to ratify actions taken by defendant to abolish a class are inapplicable here.
The trial court stated the following in its written reasons for judgment concerning this issue:
“(2) Improper Procedure
In any event, this Court feels that the City did not follow the proper procedure. This Court agrees with Petitioner, and believes that the case of Odom v. City of Minden, 300 So.2d 462, is squarely on point. As a classification was abolished, Mr. Gwatney was entitled to the procedures as enumerated in Section One of Rule Three of the Civil Service Rules and Regulations. That section states:
‘Whenever, in the opinion of the director, there is necessity for establishing a new class or abolishing an existing class in the classification plan, he (director of personnel) may anticipate formal action of the Board by adding the new class or revising or abolishing an existing class. Such action shall be subject to ratification by the Board at its next regular meeting.’
The voluminous record reflects that this procedure simply was not followed.”
The evidence shows that plaintiff’s position was the only one in the class in which it was placed. The evidence also shows that the class was adopted by the Board for the specific purpose of allowing defendant to create plaintiff’s position. However, that position has now been abolished, but defendant argues that the class still exists. Odom v. City of Minden, 300 So.2d 462 (La.1974), involved a situation with facts and circumstances similar to this.
Odom concerned the establishment of the classification of “Fire Inspector” by the defendant thereto. Only one position was assigned to that classification, and plaintiff, in Odom, was appointed to fill that position. Some four years later, defendant’s City *1032 Council voted to abolish the position held by plaintiff. However, it failed to follow the procedures prescribed by Article XIV, § 15.1 of the 1921 Constitution of this State for abolishing a classification[2]. Odom noted that, “... the threshold issue that we must resolve is whether the City’s action resulted in the abolition of a position or of a classification.” Odom then reviewed the pertinent provisions of the 1921 Constitution and held that the City had abolished a classification rather than a position. As the City had failed to follow the provisions for abolishing a classification, Odom ordered it to reinstate plaintiff.
Article XIV, § 15.1(3)(e) of the 1921 Constitution defined a class as follows:
“e. ‘Class’ or ‘class of position’ means a definitely recognized kind of employment in the classified service, designated to embrace positions that are so nearly alike in the essential character of their duties, responsibilities, and consequent qualification requirements, that they can fairly and equitably be treated alike under like conditions for all personnel purposes.”
Rule I of the “RULES AND REGULATIONS OF MUNICIPAL GOVERNMENT EMPLOYEES CIVIL SERVICE BOARD, CITY OF LAFAYETTE, LAFAYETTE, LOUISIANA” provides the definitions of terms used throughout that document. Section 10 of Rule I’s definitions of “Class” or “Class of Position” are verbatim to the definitions found in the 1921 Constitution for those same terms. Further, the definition of the term “Position” is virtually identical in both the 1921 Constitution and the above mentioned rules and regulations.
Odom said, at page 464, that:
“From these definitions and a reading of the related paragraphs of Art. XIV, § 15.1, it can be seen that the Constitution clearly envisions classes of positions or jobs; each class can be composed of any number of positions, or of only one, as in the case before us. One position within a classification could be abolished without leaving that classification of duties unmanned regarding the public’s protection; abolition of an entire classification, however, also abolishes an entire category of services to the public. Clearly, a class cannot exist if no one is employed in any job within it and there is no intention that anyone be employed therefor. To permit a class to exist under such circumstances would be tantamount to granting to the appointing authority the power to alter the classification plan, in direct contravention of the clear wording of La. Const. Art. XIV.” (emphasis ours)
Odom, noting that defendant’s City Council had decided that the duties of a full-time “Fire Inspector” were insufficient to justify the continued expense of maintaining an employee in that position, found that the substance of the City Council’s action in discharging plaintiff was to eliminate that classification entirely.
In the case sub judice, there was testimony to the effect that plaintiff’s position was being abolished because there was no longer enough work available to justify the continued existence of the position of Environmental Services Manager. There was certainly no thought being given to the idea of hiring anyone else to fill that position. It is our opinion that, as in Odom, the substance of the action taken here by defendant was that a classification, rather than a position, was being abolished. Thus, defendant had to follow the provisions of the code for the abolishment of a class, which the evidence shows that it failed to do. This provides another basis for our finding that the Board’s decision upholding the action taken by defendant was made without just cause.
For the above and foregoing reasons, the judgment of the trial court is affirmed.
All costs of this appeal are assessed against defendant-appellant.
AFFIRMED.

. Defendant also raises an issue concerning the fact that the trial court’s hearing on this matter was held without defendant’s counsel being present. We find no merit to this issue. Defendant’s counsel sought a continuance from the original date on which the hearing was to be held. The continuance was granted and he informed opposing counsel that he would be able to attend the hearing, if it were scheduled later that same week. However, he then left town and the trial court’s law clerk was unable to reach him to inform him that the hearing had been rescheduled in accordance with his wishes. The trial court heard approximately six minutes of oral argument from plaintiffs counsel, together with testimony from its law clerk concerning her efforts to contact defendant’s counsel to inform him of the date and time on which the hearing had been rescheduled, and that is all the hearing consisted of. Defendant’s counsel was given a chance to submit a brief to the trial court before it rendered judgment. We find that defendant was in no way prejudiced by the absence of its counsel from the hearing.

. Article XIV, § 15.1 of the 1921 Constitution specifically made itself applicable “... to any municipality which operates a regularly paid fire and police department and which has a population of not less than thirteen thousand nor more than two hundred fifty thousand ...".