ON REHEARING
STOKER, Judge.
The City of Lafayette filed an application for what amounted to a limited rehearing. In its application the defendant City stated that the application was in the alternative “assuming that the decision of the Louisiana Supreme Court in Odom v. City of Minden, 300 So.2d 462 (La.1974) is applicable as held by this Honorable Court in its decision herein.” We granted a limited rehearing. After the granting of the rehearing, Judges Culpepper and Stoker concluded that a partial reversal of the trial court’s judgment was in order. Inasmuch as Judge Foret disagreed, Judge Domen-geaux and Judge Yelverton were added to the panel to comply with Article 5, Section 8(B) of the Louisiana Constitution of 1974.
The application for rehearing asked that our original opinion affirming the trial court judgment be reversed insofar as it ordered that Gwatney be reinstated. Defendant asked further that the case be remanded for a determination of the benefits owed Gwatney from the date of his discharge through the date that the abolition of his former position was ratified by the Board subject to a credit to the City of Lafayette for any sums paid to Gwatney through unemployment benefits or salary income.
As set forth in our original opinion in this case the trial court grounded its decision and judgment on two separate grounds: (1) that plaintiff’s discharge amounted to a “lay-off” which reflected on plaintiff’s ability to perform his job in his former position of Environmental Services Manager, .a thing the trial court held the City of Lafayette could not do, and (2) the position held by plaintiff could not be abolished (as he was the sole person who held the position) without ratifying action of the civil service board for the City of Lafayette.
Our original opinion on appeal affirmed the trial court on both grounds. Two members of the panel concurred on the basis of the second reason stated above, but with reluctance, and only because the plurality decision of the Louisiana Supreme Court in Odom v. City of Minden, supra, appeared to dictate this result. In order to better understand our disposition of this case on rehearing it is necessary for the position of the two concurring members of this panel, Judges Culpepper and Stoker, to be more fully stated. While entertaining the utmost respect for the views of the able trial court and our esteemed brother who authored the opinion on original hearing herein, the two concurring judges do not agree with the first ground stated by the trial court. In short, if prior to the time this case came to trial the civil service board had ratified the abolition of the position of Environmental Services Manager which resulted in plaintiff’s loss of employment with the City, the concurring members of this panel would have voted to reverse the trial court. Had such been the case the requirements of Odom would have been satisfied.
The net effect of the situation stated above is that all the judges sitting on the panel which heard this case on original hearings agreed as to the results, the af-firmance of the trial court. However, as stated there was majority agreement only on the basis of Odom. In the City’s application for rehearing the City suggested that *1034 subsequent to the signing of the trial court’s judgment, the civil service board did act to ratify the abolition of plaintiff’s position of Environmental Services Manager. In fact, the action was mentioned by the City in its brief on original hearing in connection with an alternative contention. However, as the trial record was made up prior to this alleged action of the civil service board, such action was not a part of the record. Such action, if it took place, is still not a part of the record. Although counsel for the City has attached to his brief on rehearing a copy of what purports to be the minutes of the civil service board for January 20, 1982, setting forth a ratification effective as of that date, we cannot take cognizance of it. The case is not in the posture which would require that we go ahead and decide the issues raised in the application for rehearing under the pronouncement in Gonzales v. Xerox Corporation, 320 So.2d 163 (La.1975).
All three members of the panel voted to grant a limited rehearing. Two members of the panel, believed that the case should be remanded for further evidentiary proceedings in order that final disposition of the controversy may be made. It will be noted that the trial court’s ruling and judgment was made conditional upon the happening of an event which may have transpired since the granting of the judgment. The granting of the reinstatement with' back pay and other benefits was made conditional “until such time he (plaintiff) may be properly and formally terminated from his employment.” The pertinent portions of the trial court’s judgment are set forth in footnote one below.[1]
Since the granting of the limited rehearing and the filing with us for the briefs on rehearing, the author of the opinion on original hearing has concluded that we should adhere to our original judgment and let the affirmance stand. The other two members of the panel disagreed and concluded that the case should be remanded. The two judges added to the panel agree or concur in these conclusions.
While the question of termination to be considered on remand might conceivably be brought up in the trial court — on a rule to show cause, for example — for the purposes of convenience, justice to the parties and judicial economy, we deem a remand appropriate under the circumstances. See DeFelice v. Garon, 395 So.2d 658 (La.1981) and Heymann v. Lewis, 414 So.2d 787 (La.App. 3rd Cir.1979).
ISSUES ON REHEARING
The rehearing was granted “limited to the question of whether we should remand this case to the trial court for a determination of the benefits owed George Gwatney from the date of his discharge to the date of ratification by the Board of the abolishment of the classification of Environmental Services Manager and if so whether we should reverse that portion of the judgment previously rendered herein reinstating George Gwatney to his former position.”
On rehearing we conclude that the remand should be ordered and that the trial court should decide on remand (through an evidentiary hearing) the question of whether the alleged action of the civil service commission met the conditions laid down in the trial court judgment.
*1035 The commission purportedly took the following action at its meeting on January 20, 1982:
“1. It was moved by Brooke Hamilton and seconded by Bill Peyton to ratify the abolishment of the class of Environmental Services Manager as executed by the Director of Personnel, but to change the effective date to January 20,1982. Said class abol-ishment was made to comply with Judge Fontenot’s procedural requirement in her court ruling where a 1-position class was abolished as in George Gwatney’s case.”
On remand the City will have the burden of proof to establish that the commission took this action. It will be up to the trial court to determine factually if the action was taken and the effect to be given it. It will be noted that the commission made its ratification effective on the date of the motion of ratification, January 20, 1982. Plaintiff was discharged December 31,1980.
In the brief filed on rehearing on behalf of plaintiff, his counsel takes the position that there was nothing for the civil service commission to ratify because plaintiff was never validly discharged initially. Plaintiff urges his original position that he was illegally discharged because he was released for reasons that reflected on his ability to perform his former job, that of Environmental Services Manager. We now reject plaintiff’s reasoning despite the fact that it was adopted by the able trial court and our esteemed colleague of this panel. The judges who concurred on original hearing had no reason to comment on that question, considering the posture of the case as it then stood, and the fact that they filed separate concurrences based solely on Odom v. City of Minden, supra. While we are bound to follow the Odom case, inasmuch as it is a decision of the Supreme Court, our remand is consistent with that decision.
The fact that the new City position created, Landfill Supervisor, required five years experience, which plaintiff did not have, has absolutely nothing to do with the abolition of the former position of Environmental Services Manager. The only significant thing about the two positions is that establishment of the new position rendered the former position unnecessary. The fact that plaintiff could not qualify for the new position has nothing whatsoever to do with the validity of the abolition of the position held by him. With respect to the new position plaintiff was an aspirant who was not qualified. This fact did not in any way reflect on plaintiff’s ability to perform his job as Environmental Services Manager. The abolition of his former position which had become superfluous in the City’s organizational and management structure did not cast any reflection on plaintiff’s ability or qualifications to the abolished job. The two things should not be confused. They are separate actions and not part and parcel of one action.
Even if the two actions of the City could be said to have had some connexity of the nature urged by plaintiff, we doubt that establishing experience standards for the new position could be said to reflect on plaintiff’s ability to perform his former job.
For the foregoing reasons the trial court on remand is to consider only the fact and effect of the board action of January 20, 1982. In this regard substantial questions may emerge as to whether such action constituted ratification as contemplated by the Lafayette civil service regulations. On such matters we make no comment other than to specify that the trial court is free to consider all questions relating to the fact, effect and validity of the alleged ratification.
The principal matter which will be before the trial court on remand will be the question of termination. If this issue is determined in the City’s favor, the trial court may definitively determine exactly the emoluments and monetary benefits to which plaintiff is entitled. The City of Lafayette has urged that on remand the trial court’s fixing of the amount of back pay and benefits should be “less all monies paid to or received by him in the form of unemployment benefits or any other salaries and wages earned by him in private *1036 employment during the period of time beginning with the date of his discharge until the date of the ratification by the Board.” This question is premature. For any such credits as the City may be entitled, the trial court may receive evidence pertinent and legally relevant to the issue and grant any relief authorized in law.
We come now to the second matter for which we granted a limited rehearing. This is the question of whether we should reverse that portion of the trial court’s judgment which ordered reinstatement (granted were the words of the trial court’s judgment). It is possible that the trial court meant to provide for reinstatement only from the date of its judgment but with back pay and other benefits to be retroactive. In Odom v. City of Minden, supra, the Supreme Court ordered a remand to the trial court “with instructions that Odom be reinstated to his former position ... with full benefits retroactive to the date of his discharge, including but not limited to full pay and seniority rights.” As we view the Odom case, it did not order a “retroactive reinstatement.” Perhaps such was immaterial inasmuch as Odom was granted all his significant rights.
Inasmuch as we remand this case for a determination of the question of termination in fact and any related questions, we now reverse that portion of the trial court’s judgment which provided for reinstatement of the plaintiff. If the trial court should find on remand that George A. Gwatney was properly terminated from employment with the City on January 20, 1982, then the question of reinstatement will be moot. The trial court’s judgment on remand can protect Gwatney in a similar manner as was ordered done in Odom, that of awarding back pay and all appropriate benefits retroactive to the date of his discharge by the City without any necessity of dealing with the question of reinstatement.
If, on the other hand, the trial court should find that the alleged termination did not occur, the trial court may again order reinstatement. Under such circumstances there would be no necessity for making the reinstatement retroactive because the Odom procedure could be followed’. Plaintiff’s rights could be fully protected by prospective reinstatement and a judgment for back pay and benefits retroactive to his termination by the City.
For the foregoing reasons we reverse that portion of our original judgment which affirmed the trial court’s judgment ordering reinstatement of the plaintiff to the position Environmental Services Manager formerly held by him. In all other respects we reaffirm the judgment of the trial court but solely on the basis of Odom v. City of Minden, supra. We now order that this case be remanded to the trial court for an evidentiary hearing and further proceedings consistent herewith.
ON REHEARING, REVERSED IN PART, REAFFIRMED IN PART AND REMANDED FOR FURTHER PROCEEDINGS.
DOMENGEAUX, J., concurs and assigns written reasons.
FORET, J., dissents and will assign written reasons.

. The following are the pertinent dispositive portions of the trial court’s judgment which was signed on January 18, 1982.
“IT IS HEREBY ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of Plaintiff, GEORGE A. GWAT-NEY, and against the Defendant, CITY OF LAFAYETTE, LOUISIANA, granting to said Plaintiff a reinstatement of his employment with the CITY OF LAFAYETTE, LOUISIANA, including back pay from the time of his discharge on December 31, 1980 until such time as he may be properly and formally terminated from his employment with the CITY OF LAFAYETTE, LOUISIANA.
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the said Petitioner be compensated for all fringe benefits and other benefits appertaining to his employment with the CITY OF LAFAYETTE, LOUISIANA, from the time of his discharge until such time as he may be properly and formally relieved of his said duties with the CITY OF LAFAYETTE, LOUISIANA.” *