446 So.2d 839 (1984)
CITY OF SHREVEPORT, Plaintiff-Appellant,
v.
Major James E. STANLEY, Jr., Defendant-Appellant.
Major James E. STANLEY, Jr., Plaintiff-Appellant,
v.
CITY OF SHREVEPORT, Defendant-Appellant.
Nos. 16002-CA, 16003-CA.
Court of Appeal of Louisiana, Second Circuit.
February 21, 1984.
Rehearing Denied March 28, 1984.
Writ Denied May 25, 1984.
*840 Nelson, Hammons & Johnson by John L. Hammons, Shreveport, for Major James E. Stanley.
Charles B. Peatross, City Atty. by Donald C. Martin, Shreveport, for City of Shreveport.
Before MARVIN, JASPER E. JONES and CULPEPPER, JJ.
MARVIN, Judge.
From a judgment in consolidated actions, this appeal by the City of Shreveport questions whether the Municipal Fire and Police Civil Service Board has the statutory authority to compel the city, through its police chief, to appoint or promote an applicant to assistant chief of police. In the applicant's mandamus action, which was consolidated with the appeal of the board's 3-2 decision, the district court effectively affirmed the board and ordered the city to make the promotion retroactive to the date of the board's decision. LRS 33:2471 et seq. We reverse and remand to the board for further proceedings.
The skeleton facts are not disputed. The applicant is Major James E. Stanley, Jr., who performed some of the duties of assistant chief from time to time before and after the retirement of McDowell, who served as assistant chief until his retirement on January 31, 1981. Before McDowell's retirement, Stanley passed the civil service examination and apparently was certified by the board as eligible for the position of assistant chief. Stanley is indisputably qualified for the job.
On April 29, 1981, Stanley informed the board of his "desire to have a hearing ... in regards to the [vacancy in the] position of Assistant Chief ... since ... January 31, 1981, [and] that [he is] ... the only one eligible for this position."
The only testimony before the board was given by Stanley. The chief of police, Cliff Heap, did not testify. The record indicates *841 that the mandamus action was consolidated and was tried on the basis of the record made before the board. In that record is a letter from Chief Heap to the Mayor of Shreveport dated February 13, 1981, advising the mayor that Major Stanley would be in charge of the police department for three days while the chief attended a law enforcement conference out of the city.
The record further indicates that Chief Heap, in an earlier hearing before the board involving another person, stated that he wanted time to assess whether an assistant chief was needed, and that one or more board members "assumed" that if it was decided that an assistant chief was not needed, Chief Heap would then formally request the board to "abolish" the classification of assistant chief. The board has the authority to adopt and maintain a plan classifying civil service employees. § 2477(8). The appointing authority, here the chief of police, has the authority to appoint an employee to a position within a particular classification. § 2473(2), 2494.
This controversy arose because the job of assistant chief of police is a board classification but that classification contains only one position. An appointing authority may not refuse to fill the only position in a classification so as to indirectly, but intentionally, abolish that classification. Odom v. City of Minden, 300 So.2d 462 (La.1974). Compare Gwatney v. City of Lafayette, 424 So.2d 1028 (La.App. 3d Cir. 1982), writ den. The trial court followed Odom, holding that to allow the city the discretion of not promoting anyone to a vacant class would be impermissible under the statute.
We do not disagree with the district court's statement in the abstract or in the factual context of Odom where the appointing authority's announced intention was not to fill a vacancy in a classification because the appointing authority wanted the classification abolished. Here, and at best, we have the appointing authority, the Chief of Police, stating that he wanted more time to assess the situation to decide whether or not to ask the board to exercise its power to abolish the classification. We believe that the issue here presented should be more narrowly stated as it was stated by Stanley's counsel before the board: "Does the chief have the right to delay a promotion and, if so, for what length of time?"
Even should we agree with the district court, affirmance does not follow. While it may be in the public interest that a vacancy in the classification of assistant chief should be filled within three months after it occurs, as the district court reasons imply, it may be just as much within the public interest to allow the chief of police a "reasonable time" to operate his department without an assistant for the purpose of determining whether to seek formal abolishment or modification of that classification. This record contains no evidence upon which any forum can conclude whether the delay was or was not reasonable, and contains no evidence other than what one or more of the board members understood the chief of police to have said in an earlier hearing.
Odom explains the design of that civil service statute.[1] The statute under consideration *842 here is of similar design.[2] The board maintains a classification plan.[3] Each class may contain one or more positions.[4] The board administers tests and certifies to the appointing authority which employees are eligible for appointment or promotion to positions.[5] The appointing authority fills the position or positions within a classification.[6] The appointing authority may abolish a position.[7] Only the board may modify or abolish a classification.[8]
Section 2487 lists seven methods by which vacancies in positions shall be filled.[9] Each of these methods is considered in a specific statutory section. Demotion (§ 2487(1)), e.g., is covered in § 2488, transfer (§ 2487(2)) is covered in § 2489, reinstatement (§ 2487(3)) is covered in § 2490. Section 2494 states that whenever the appointing authority proposes to fill a vacancy he shall request the board to certify the names of persons eligible for appointment to the vacant position. This section states, in other subsections, how the appointing authority shall make the appointment in each case. Part F of this section also requires the appointing authority to notify the board of the filing of a vacancy.
The statute states that the board shall have the power to affirm the action of the appointing authority or to reverse or modify disciplinary action. § 2501. Compare § 2486. The only other instances in the statute which authorizes the board to order the appointing authority to do anything are in § 2484 and in § 2500:
"Whenever the board finds any change in the duties of any position in the classified service was brought about by the appointing authority to effect a reduction in the classification of any employee because of political, religious, or discriminatory reasons, or without just cause, it shall refuse to recognize any such action, and shall order the appointing authority to continue the employee in the position and class with all rights and privileges." LRS 33:2484, in part.
"Although it is incumbent upon the appointing authority to initiate corrective or disciplinary action, the board may, and shall upon the written request of any qualified elector of the state which sets out the reasons therefor, make an investigation of the conduct and performance of any employee in the classified service and, thereupon may render such judgment and order action to be taken by the appointing authority. Such action shall be forthwith taken by the appointing authority." LRS 33:2500(C).
The purpose of the law, formerly Act 102 of 1944, which is contained in the Source comment under LSA-R.S. 33:2471 of 1950, does not suggest that general plenary power is given the board over the appointing authority. §§ 1, 37, and 40, Act 102 of 1944.
The statute expressly requires that the board and the appointing authority work in *843 concert to achieve the statutory purpose. See §§ 2483, 2484. The penultimate paragraph of § 2484 appears to afford plenary power to the appointing authority to radically abolish a position and create a new position of a different class. But see Odom, supra.
"Whenever the duties of a position are so changed by the appointing authority that the position in effect becomes one of a different class from that to which it is allocated, the change shall operate to abolish the position and to create a new position of the different class." LRS 33:2484, in part.
The statute was obviously designed to afford classified employees judicial relief from actions of the appointing authority which were not made in good faith or which were made for arbitrary, political, religious, or discriminatory reasons without just cause. § 2484. It is equally apparent that the statute was not designed otherwise to foster litigation over the authority of the board as opposed to the authority of the appointing authority. Professional counsel in the public service should be competent to advise their respective clients of the obvious statutory policy and resolve most of the disputes that might arise between them. We do not fail to observe that the board has some authority, stated in §§ 2478, 2502-2505, to enforce its rules and its decisions and may call upon the Attorney General, the City Attorney, or hired counsel to seek judicial enforcement. § 2506.
In summary, we conclude that the statute does not clearly and unequivocally forbid the appointing authority some reasonable time in which to fill the vacancy in a one position classification and, in the absence of a more detailed record, we simply cannot determine from the circumstances presented whether the delay in filling the vacancy was or was not either reasonable or in good faith. See § 2501.

MANDAMUS
Because of our above conclusions, we must also reverse the companion case. The law is well settled that mandamus is an extraordinary remedy, used only sparingly, and then to compel the performance of a ministerial duty that is clearly required by law. Arts. 3861-3863, CCP. Mandamus does not issue in the "doubtful" case. Gautreau v. Board of Electrical Examiners, 167 So.2d 425 (La.App. 1st Cir. 1964). The statute under consideration does not require the appointing authority to fill a vacancy in a one position classification under civil service immediately or other than within a reasonable time after it occurs.

CONCLUSION
Because the action of the board which is the subject of this appeal occurred almost three years ago, and without our further belaboring the issue, we reverse the judgment which orders the city to appoint the applicant to assistant chief of police. We remand to the board for further proceedings to determine the reasons for the delay in filling the vacancy, whether the applicant has performed substantially all of the duties of the former assistant chief during the interim, and whether it is in the public interest for the classification of assistant chief to be modified or abolished.
At the cost of appellee, as the law may provide, the judgment appealed is reversed and this matter is remanded to the board for further proceedings not inconsistent with this opinion.
NOTES
[1] "[The law] clearly envisions classes of positions or jobs; each class can be composed of any number of positions, or of only one, as in the case before us. One position within a classification could be abolished without leaving that classification of duties unmanned regarding the public's protection; abolition of an entire classification, however, also abolishes an entire category of services to the public. Clearly, a class cannot exist if no one is employed in any job within it and there is no intention that anyone be employed therefor. To permit a class to exist under such circumstances would be tantamount to granting to the appointing authority the power to alter the classification plan, in direct contravention of the clear wording of [the law]. The Minden City Council decided that the duties of a full-time `Fire Inspector' were insufficient to justify the continued expense of maintaining an employee in that classification. Thus the substance of the City Council's action discharging Odom was to eliminate that classification entirely. This was accomplished without prior written notice to Odom, without a public hearing, and without any action by the Board, all of which are required by ..." 300 So.2d at 464.

See also "The Municipal Fire and Police Civil Service LawR.S. 33:2471 et seq.", 29 La.Bar J. 304 (1982).
[2] Compare LRS 33:2471 et seq., Fire and Police Civil Service Law for Municipalities Between 13,000 and 250,000, with LRS 33:2531 et seq., Fire and Police Civil Service Law for Small Municipalities.
[3] §§ 2477(8), 2481, 2483-2485.
[4] § 2481.
[5] § 2492-2495.
[6] § 2494.
[7] § 2498.
[8] § 2483. See Odom, cited supra.
[9] § 2487 reads:

"Vacancies in positions in the classified service shall be filled by one of the following methods:
(1) Demotion (2) Transfer (3) Reinstatement (4) Promotional appointment (5) Competitive appointment (6) Reemployment (7) Temporary appointment
"A vacancy shall be considered filled under any of the methods specified above, and employment thereunder effective, as of the date on which the employee enters upon the duties thereof."