.NORRIS, Judge.
The City of Shreveport appealed an order of the Shreveport Municipal Fire and Police Civil Service Board (“Board”) which on January 3, 1985 ordered defendant Louis Plai-sance promoted from police captain to police major, effective May 31, 1981. The district court, serving in an appellate capacity under LSA-R.S. 33:2501 E(l), concluded that the Board’s decision was made in good faith for cause; it affirmed the Board’s action. The City now appeals to this court, urging four assignments of error. For the reasons expressed, we affirm.

Applicable law

At the heart of this case is the issue of the Board’s power to order a promotion when the appointing authority (here, the police chief) fails or refuses to do so. The Board is required to “adopt and maintain” a civil service plan, or a scheme *945 of all the classes and positions within its classified service. LSA-R.S. 33:2477(8). The appointing authority fills positions according to statutory procedures. See, e.g., R.S. 33:2473(2), 33:2494, 33:2495. The appointing authority may abolish a position within a class. R.S. 33:2498. However, to abolish an entire class requires an action of the Board and compliance with due process. Odom v. City of Minden, 300 So.2d 462 (La.1974). When there is only one position in a class, the appointing authority’s refusal to fill it is tantamount to abolishing the class, and is ultra vires of the appointing authority. Odom v. City of Minden, supra. A classified employee aggrieved by the abolition of a position may bring his complaint to the Board. R.S. 33:2477(5). The Board may also conduct any investigation concerning the administration of personnel or the compliance with the civil service law, and take any action it deems desirable or necessary in the public interest or to carry out effectively the provisions of the law. R.S. 33:2477(4). Under these grants of authority, the Board may investigate and, if it finds the appointing authority’s action was not taken in good faith for cause, it may order relief. R.S. 33:2501C(1). The Board may order an employee promoted if it determines that the appointing authority unreasonably delayed doing so, with the practical effect of abolishing the class. City of Shreveport v. Stanley, 446 So.2d 839 (La.App. 2d Cir.1984), writ denied 450 So.2d 956 (La.1984). Judicial review of the Board’s action is “confined to the determination of whether the decision made by the board was made in good faith for cause” under the law (R.S. 33:2471-33:2508). R.S. 33:2501 E(3).

Facts

This case is factually and legally interrelated with City of Shreveport v. Stanley, supra. In January 1981 the Chief of Police was Cliff Heap. Directly under him was the class of assistant chief, in which three positions were authorized but only one was filled, by E.A. McDowell. Under assistant chief was the class of major, in which one position was authorized and held by James Stanley Jr. Under major was the class of captain, in which there were several filled positions, but defendant Louis Plaisance had the most seniority, had passed the promotional exam and was next in line for promotion to major. In January 1981, McDowell retired, leaving a vacancy in the class of assistant chief effective February 1.
Major Stanley and Capt. Plaisance both requested promotions; Maj. Stanley to fill McDowell’s former position, and Capt. Plai-sance to fill the vacancy presumably to be left by Stanley. The chief did not comply. By letter dated April 29, 1981, Maj. Stanley formally asked the Board to conduct an investigation on his request; Capt. Plai-sance lodged a similar request at roughly the same time. See Trans, of Bd. Hearing (7/9/81), p. 3. The Board either denied the requests or simply did not act. On November 16, 1981, Capt. Plaisance sued the City and the Board for writ of mandamus directing the City of promote him to major or to conduct a hearing. The writ was granted ordering a hearing before the Board. Meanwhile, the Board voted to promote Maj. Stanley but the City appealed. By agreement Capt. Plaisance’s hearing was delayed until Maj. Stanley’s matter was resolved; all parties understood that if Maj. Stanley lost his ease, then Capt. Plai-sance would have no right of promotion. Capt. Plaisance actually retired from the police force effective September 31, 1981, but still asserts his right of promotion.
In the Stanley case, the district court affirmed the Board’s decision. On appeal, however, this court found the record insufficient to establish whether the appointing authority had unreasonably delayed Maj. Stanley’s promotion, with the indirect but intentional effect of abolishing the class of assistant chief. We therefore reversed and remanded to the Board for the reception of additional evidence as to the reasons for the delay. Some three months after our opinion was rendered, the City and Maj. Stanley settled the lawsuit. By compromise agreement dated May 31, 1984, Maj. Stanley was promoted to assistant chief effective May 31, 1981, without backpay, *946 and Assistant Chief Stanley retired effective the next day, June 1, 1984.
Captain Plaisance then reurged his request with the Board at meetings in December 1984 and January 1985. His position was that he had the most seniority and had passed the test, and was first in line for promotion to major; but he agreed with the City to withhold pressing his complaint pending the completion, and relying on the outcome, of the Stanley matter; once Maj. Stanley was effectively promoted to assistant chief, then the class of major was totally vacant, and had been so for an unreasonable period of time; thus the Board should order him promoted to major, retroactively from the date of Stanley’s promotion until his own retirement. Since he was retired for over three years, Capt. Plaisance offered no other evidence as to his competence as a police major. The City, however, offered no evidence to rebut the proof of his record and stipulated to his rank and seniority. Also by stipulation, the entire record of the Stanley matter was introduced as evidence at the instant hearing. The City argued, and counsel for Capt. Plaisance conceded, that there was no evidence that Chief Heap intended to abolish the class of major.
By action of January 3, 1985, the Board voted to order Capt. Plaisance promoted to major, effective May 31, 1981 until his retirement. As noted, the City appealed. The district court affirmed, reasoning that the Board was directed to take any action it deemed desirable or necessary in the public interest or to carry out effectively the provisions of the civil service law. R.S. 33:2477(4). The court concluded that the Board’s actions in these circumstances were in good faith for cause. The City now appeals to this court.

Discussion

At the heart of this case is the Board’s power to order a promotion on the police force when the chief fails or refuses to do so. The competing claims of the Board and the chief have clashed. The chief’s power to make personnel moves is plainly based on his expertise and special knowledge in the field. The Board’s is based on the limited need to assure that all personnel moves are fair to the officers and to take actions desirable or necessary in the public interest. R.S. 33:2477(4); City of Shreveport v. Stanley, supra. Within this limited scope of power and in special situations, the law and jurisprudence give the Board authority to pass on complaints concerning the abolition of positions, in effect to override the chief’s acts or refusals to act. R.S. 33:2477(5); Odom, v. City of Minden, supra. Judicial review of the Board’s action is confined to the determination of whether the Board’s action was in good faith for cause. R.S. 33:2501 E(3).
By its fourth and most important assignment of error, the City urges the district court erred in extending rights to Capt. Plaisance based upon the outcome of a compromise and settlement between the City and Maj. Stanley. The City correctly argues that a compromise between two parties is not binding on others. LSA-C.C. arts. 3071, 3077. The City further argues that by the compromise, the City promoted Maj. Stanley to assistant chief effective May 31, 1981; this left a vacancy in the rank of major, starting that day, as far as Maj. Stanley was concerned; but as for everyone else it was only a fictitious vacancy; Capt. Plaisance was not a party to the compromise and cannot benefit from the fictitious vacancy. Ergo, the City contends, Plaisance cannot even argue the vacancy existed.
This argument overlooks the broader facts of this unique case. Capt. Plai-sance is not an extraneous third party. Years before Maj. Stanley and the City confected their compromise, Capt. Plai-sance was involved in the dispute. In 1981, everyone recognized that both officers’ complaints were bound together. By agreement Capt. Plaisance abstained from pressing his claim because it depended on the outcome of Maj. Stanley’s case. The City benefited by not having to defend two claims at once. Later, the City compromised with Maj. Stanley, but then attempted totally to insulate the terms from Capt. *947 Plaisance, whose forebearance helped make the compromise possible in the first place.
The Board easily could have viewed the situation in contractual terms. The informal agreement between the City, Maj. Stanley and Capt. Plaisance in 1981 was an innominate contract whereby one of two interrelated claims would be pressed first and the other later, dependent on the outcome of the first; the City would consider only one claim at a time. This agreement had the effect of law on the parties and must be performed in good faith. LSA-C.C. art. 1983. By the agreement, Capt. Plaisance’s relief would necessarily depend on the resolution of Maj. Stanley’s complaint. The City’s later effort to deny Capt. Plaisance the benefits of the agreement can be viewed as a breach of the obligation of good faith performance. The Board was certainly entitled to take this into account and order the promotion in good faith for cause. The Board also could have found that the appointing authority had already enjoyed a reasonable delay in acting on Capt. Plaisance’s complaint. Under the circumstances, the Board did not fail to act in good faith for cause. The district court was not wrong in so finding.
By its first assignment the City claims the district court erred in ruling that a vacancy existed in the class of police major from May 31 until September 31, 1981; by its second it contests the court’s statement that Capt. Plaisance “should have been promoted” effective May 31, 1981. Because the Board and the district court were able to consider the results of the compromise, these arguments are meritless. As noted, the City stipulated to the entire Stanley record; the Board therefore knew the vacancy created by Stanley’s compromise existed and had persisted for six months. The Board could have found that the City already had a reasonable time in which to promote Capt. Plaisance and that further delay would amount to defacto abolition of a class. The Board also could have considered that promoting Capt. Plaisance to the vacancy left by Maj. Stanley’s promotion was desirable and necessary in the public interest. In other words, it was against the public interest to leave important positions vacant and unfair to Capt. Plaisance to renege on the agreement. These findings are not in bad faith or without cause.
By its third assignment the City urges the district court erred in ruling the Board had the authority to order Capt. Plaisance’s promotion. Despite the Board’s statutory authority to conduct investigations and pass on complaints by classified officers, the City contends there is no authority to promote unless the chief has acted intentionally to abolish a class by leaving it vacant for an unreasonable period of time. City of Shreveport v. Stanley, supra. The City insists this showing was not made and the Board usurped the chief’s power. The Stanley record, which was introduced by stipulation in the instant case, was found insufficient to support Maj. Stanley’s promotion when we reviewed that case.
There are two main distinctions between Stanley and this case. First, the City had the opportunity to present evidence on remand of the Stanley case but never did so. Because these cases are inextricably interrelated, the Board could have considered that no such evidence was forthcoming. Second, six more months had elapsed when the Board turned to Capt. Plaisance’s request. Despite this additional time, the City presented no evidence to explain the delay, as it must to satisfy Stanley. Under these circumstances, promoting Capt. Plaisance was reasonably necessary to effectuate the civil service laws and was desirable to serve the public interest. We do not find that the Board’s action was in bad faith or without just cause. The district court’s judgment will be affirmed.
Counsel for the City at oral argument cautioned us that great ill would result from affirming this judgment. Whenever a high-ranking officer receives a retroactive promotion, there will be a wave of petitions for promotion; every person in the rank under the promoted officer will seek his former post, as will the ones under him, all the way down to the lowest officer. We do not foresee this problem. This case presents a fairly unusual scenario: two officers petitioned jointly for promotions; *948 both of the classes they sought contained only one filled position; and all parties entered a pre-litigation agreement. The Board’s power to order promotions does not extend to other ranks where there are multiple positions and no issue of abolishing the class. It does not extend to agreements made and honored in good faith.
The judgment of the district court is affirmed. Costs are not assessed. LSA-R.S. 13:4521.
AFFIRMED.