Dear Mayor Fontenot:
This office is in receipt of your request for an opinion of the Attorney General in regard to hiring a police chief. You indicate the Chief of Police is retiring, and the Board of Trustees recently adopted a resolution asking the Legislature to make changes necessary for the position of Chief of Police to be non-classified so that it can be filled by appointment or contract without having to comply with civil service procedures. However, at the same time steps are being taken to fill the position according to the civil service statutes that are now applicable under R.S. 33:2471. You state that you understand that charter and statutory changes will be necessary, but your City Attorney has given an opinion that inasmuch as the Louisiana Constitution requires you to have a fire and police civil service system which includes the Chief of Police position, a constitutional amendment will be required to abolish the civil service status for the Chief of Police. However, other attorneys have stated that the Legislature has the power to abolish civil service for your Chief of Police position without a constitutional amendment. You ask whether or not a constitutional amendment would be required.
We note, as does your City Attorney, that Art. 10, Sec. 16, La. Const., creates classified fire and police civil service and states, "It shall apply to all municipalities having a population exceeding thirteen thousand and operating a regularly paid fire and municipal police." Additionally, while Art. 10, Sec. 18 sets forth that the provisions of the Constitution of 1921 are retained as statutes, it further provides, "By law enacted by two-thirds of the elected members of each house, the legislature may amend or otherwise modify any of those provisions, but it may not abolishthe system of classified civil service for such firemen and municipal policemen or make the system inapplicable to any municipality having a population exceeding thirteen thousand."
It is clear under the mandatory language of Section 16 that all municipalities having a population exceeding thirteen thousand must have classified civil service for its police, and your letter states that New Iberia has a population between 13,000 and 250,000. We are of the opinion that the authority given to two-thirds of the elected members of each house to amend or modify the provisions of the 1921 Constitution which were retained as statutes does not authorize the legislature to enact a statute which would allow exemption of an individual from civil service as the situation may arise. These statutes establish the procedure and rules for the operation of the fire and police civil service system, and amendments and modifications must be relative to the intent of these provisions. Section 18 of Article 10 in allowing for amendment and modification explicitly states that the legislature may not abolish the system of classified civil service for such firemen and municipal policemen or make the system inapplicable to any municipality. We feel this clearly reflects that civil service cannot be abolished by the legislature for fire and police departments as a whole or for the position of Chief of Police which is included in the civil service system under R.S.33:2481. To allow individual exclusions could be endless and defeat the Constitutional concept of civil service.
Moreover, we find support for this conclusion in the observations made by the Court in City of Shreveport v. Plaisance,559 So.2d 944 (La.App. 2 Cir 1990) wherein it stated that the Board is required to "adopt and maintain" a civil service plan of all classes and positions within its classified service, and fills positions according to statutory procedures. It stated, "When there is only one position in a class, the appointing authority's refusal to fill it is tantamount to abolishing the class, and isultra vires of the appointing authority." It was further stated, "The Board may order an employee promoted if it determines that the appointing authority unreasonably delayed doing so, with the practical effect of abolishing the class."
Therefore, we believe the person performing the duties of Chief of Police must remain in the Civil Service System unless there is a constitutional change. Our opinion is consistent with the debates of the delegates to the Constitutional Convention of 1973 on the matter. See, State of La. Consttutional Convention of 1973, Verbatim Transcript, 99th Day's Proceedings, pp. 2-58, Vol XXXII.
We hope this sufficiently answers your inquiry.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr