Dear Ms. Alcock:
You advise this office that the governmental functions of the City of Houma have been consolidated with those of Terrebonne Parish. The governing authority for both is known as the Terrebonne Parish Consolidated Government (hereafter, the "governing authority").[1] The governing authority operates under the provisions of a home rule charter, adopted subsequent to the Louisiana Constitution of 1974, pursuant to Article VI, Section 5(E) (1974). You specifically ask if the governing authority has authority, by home rule charter amendment, to declassify the positions of Fire Chief and Police Chief.
A response to your question requires a general review of those statutory and constitutional provisions pertaining to the fire and police civil service law. The City of Houma "continues to exist as a legal entity and shall render certain municipal services", including fire and police protection.[2] Because the City of Houma operates a regularly paid fire department, and has a population in excess of thirteen thousand, Article X Section 16 of the 1974 Louisiana Constitution is applicable, and establishes a system of classified fire and police civil service within the municipality.[3] *Page 2 
The City of Houma is also subject to state law governing Municipal Fire and Police Civil Service Law for municipalities between 13,000 and 250,000 at R.S. 33:2471, et seq. Note that this series of statutes are a continuation of the provisions of Article XIV, Section 15.1 of the 1921 Constitution, specifically retained by Article X Section 18 of the present constitution.[4]
Each municipal fire and police civil service board is required to adopt a classification plan, pursuant to R.S. 33:2477(8). A "classification plan" means and includes "all classes of positions established for the classified service".[5] "Class," as used in the municipal fire and police civil service system, does not mean the same as "position." "Class" refers to a specified kind of employment in the classified service which includes positions, or a group of positions, that are so nearly alike in the nature of their duties, responsibilities, and qualification requirements, that they may be reasonably treated alike for classification purposes.[6] "Position" means an employment within a class for which one person performs the duties.[7] Thus, each class may contain one or more positions.
An appointed fire chief and an appointed police chief are among those placed in the classified service under a classification plan. See Article XIV, Section 15.1 Subparagraph 11 (1921) and R.S. 33:2481(A).[8] All classification plans "shall be *Page 3 
adopted as rules of the board" pursuant to R.S. 33:2483[9]; the rules adopted by the board "shall have the force and effect of law".[10]
With a classification plan enacted by the board, the appointing authority[11] fills positions according to statutory procedures.[12]
The appointing authority may abolish a position within a class.[13]
"However, to abolish an entire class requires an action of the board and compliance with due process". City of Shreveport v. Plaisance,559 So.2d 944 (La.App. 2nd Cir.,1990); writ den.; 564 So.2d 324 (La. 1990).
Further language from the Louisiana Supreme Court case of Odom v. Cityof Minden, 300 So.2d 462 (La. 1974), instructs:
 The Constitution permits, and all parties agree, that an appointing authority may abolish a Position in the classified civil service without the formality of a Board hearing. However, abolition of a Classification within the classification system requires a public hearing before the Board in compliance with the procedure set out in La.Const. Art. XIV, § 15.1, 13, 28.
 * * * From these definitions and a reading of the related paragraphs of Art. XIV, § 15.1, it can be seen that the Constitution clearly envisions classes of positions or jobs; each class can be composed of any number of positions, or of only one, as in the case before us. One position within a classification could be abolished without leaving that classification of duties unmanned regarding the public's protection; abolition of an entire classification, however, also abolishes an entire category of services to the public. Clearly, a class cannot exist if no one is employed in any job within it and there is no intention that anyone be employed therefor. To permit a class to exist under such circumstances would be tantamount to granting to the appointing authority the power to alter *Page 4 the classification plan, in direct contravention of the clear wording of La.Const. Art. XIV. (Emphasis added).
The Houma Municipal Fire and Police Civil Service Board adopted a classification plan, designating the Fire Chief and the Police Chief each as a class within the plan.[14] Both positions fall within the "classified service" under R.S. 33:2481 because "the right of. . . . appointment. . . . . is vested in the municipal government" by Article IV of the Terrebonne Parish Consolidated Government home rule charter.[15]
The proposed amendment to the home rule charter, which purports to change these positions from appointed and classified positions, toappointed and non-classified positions is an ultra vires act. The Terrebonne Parish Consolidated Government, as a post-1974 constitution home rule charter entity, is authorized by Article VI, § 5(E) (1974) to amend its charter to include "any function necessary, requisite, or proper for the management of its affairs, not denied by general law orinconsistent with this constitution". Under the reasoning of Odom, supra, the proposed amendment would grant the appointing authority the power to alter the classification plan, a power *Page 5 
reserved to the board, in direct contravention of R.S. 33:2478.
A home rule charter may not legally take or have precedence over the constitution or state statutes. See West vs. Allen, 382 So.2d 924 (La. 1980). In accord are Opinion 92-375 (Lafayette City-Parish Consolidated Government could not submit an amendment to the electorate purporting to change the civil service status of the city's fire and police personnel); Opinion 83-876 (the home rule charter for the City of Hammond could not be amended to change the classified position of fire chief to an unclassified position); Opinions 83-284B and 83-284 (both opinions written to the City of Hammond, concluding the home rule charter could not be amended to make the appointive position of chief of police an appointed, non-classified position). See copies of the foregoing cited opinions attached for your review.
There are two avenues available to accomplish the proposed outcome. First, as mentioned above, the Houma Municipal Fire and Police Civil Service Board is authorized by R.S. 33:2478 to declassify the positions. See Reed v. Ville Platte Fire and Police Municipal Bd., 263 So.2d 924
(La.App. 3rd Cir. 1972) (where the municipal civil service board had the authority to change the positions of the fire chief and assistant fire chief from the classified to the unclassified service). Second, legislative amendment to R.S. 33:2481 placing the Fire Chief and the Police Chief for the City of Houma in the unclassified service would achieve the desired result. The latter approach was taken by the City of Hammond. See R.S. 33:2481(B)(6), now listing the chief of police for the City of Hammond as in the unclassified service. Note the constitutional directive of Article X, Section 18 (1974), which requires two-thirds vote of the legislature to amend R.S. 33:2481.
We conclude the Terrebonne Parish Consolidated Government may not, by amendment to the home rule charter, change the positions of Fire Chief and Police Chief from appointed and classified positions to appointed and non-classified civil service positions.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY:_____________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
 KLK:arg
[1] Article I, Section 1-04(a) of the charter states:
Sec. 1-04. Consolidation of governments.
(a) The governmental functions of the City of Houma are hereby consolidated with the governmental functions of Terrebonne Parish. The name of the new government shall be the Terrebonne Parish Consolidated Government, hereinafter sometimes referred to as the "parish government."
[2] Article I, Section 1-04(b) of the charter states:
(b) The City of Houma shall continue to exist as a legal entity and shall render certain municipal services as provided under this charter and participate in federal and state grants, shared revenues and shared taxes peculiar to municipal governments.
[3] Article X § 16 of the Louisiana Constitution of 1974 states:
Section 16. A system of classified fire and police civil service is created and established. It shall apply to all municipalities having a population exceeding thirteen thousand and operating a regularly paid fire and municipal police department and to all parishes and fire protection districts operating a regularly paid fire department.
[4] LSA-Const. Art. X § 18 (1974) provides, in part:
Except as inconsistent with this Part, the provisions of Article XIV, Section 15.1 of the Constitution of 1921 are retained and continued in force and effect as statutes. . . .
[5] R.S. 33:2476(6) provides:
"Classification plan" means all the classes of positions established for the classified service.
[6] R.S. 33:2473(5) states:
"Class" or "class of position" means a definitely recognized kind of employment in the classified service, designated to embrace positions that are so nearly alike in the essential character of their duties, responsibilities, and consequent qualification requirements, that they can fairly and equitably be treated alike under like conditions for all personnel purposes.
[7] R.S. 33:2473(13) states: "Position" means any office and employment in the municipal fire and police services, the duties of which call for services to be rendered by one person.
[8] R.S. 33:2481(A) provides, in pertinent part:
§ 2481. Classified and unclassified service
(A) The classified service shall comprise every position, except those included in the unclassified service, to which the right of employee selection, appointment, supervision, and discharge is vested in the municipal government or with an officer or employee thereof, and which has as its primary duty and responsibility one of the following:
 (Fire)
(1) The chief and assistant chiefs; the intradepartmental division, bureau, squad, platoon and company officers of the fire department.
 ***** (Police)
(1) The chief and assistant chief; the intradepartmental division, bureau, squad, platoon and company officers of the fire department.
[9] R.S. 33:2483 provides, in pertinent part:
Each board, as soon as practicable (not to exceed a period of eighteen months) after this Part takes effect in the municipality, shall adopt a classification plan for the fire and police services of the municipality. Each classification plan shall consist of classes to be designated either by standard titles, ranks, or a combination thereof, for all positions included in the classified service for each of the fire and police services.
[10] R.S. 33:2478 provides, in pertinent part:
Rules adopted under the authority of this section shall have the force and effect of law.
[11] R.S. 33:2473(2) states:
"Appointing authority" means any official, officer, board, commission, council, or person having the power to make appointments to positions in the municipal fire and police services.
[12] See R.S. 33:2473(2), R.S. 33:2494, and R.S. 33:2495.
[13] See R.S. 33:2498.
[14] The classification plan provides, in pertinent part:
 FIRE CHIEF (Competitive Class) DISTINGUISHING FEATURES OF THE CLASS
This class encompasses the position of Chief of all fire department operations. The Fire Chief is responsible for the administration and coordination of all fire department activities and for the supervision of all subordinate personnel. The employee of this class directs emergency scene operations, performs public relations duties, manages equipment and supplies, provides for training, and directs a program of fire prevention and investigation. The incumbent of this class works with a high degree of independence, and reports to and has work reviewed by the Parish President.
 ***** CHIEF OF POLICE (Competitive Class) DISTINGUISHING FEATURES OF THE CLASS
This class encompasses the highest ranking position in the police department, the primary responsibility of which is acting as administrative head of the department. The Police Chief is responsible for the organization and management of the department operations and for management of personnel. The employee of this class plans and directs operations to provide law enforcement services for the community, and provides for all support functions for these operations, including production and maintenance of records, development of a crime prevention program, and public relations. The Police Chief works with a high degree of independence in the performance of duties, and reports to and has work reviewed by the Parish President.
[15] Article IV of the home rule charter provides, in pertinent part:
Sec. 4-09. Police department.
(a) The head of the police department shall be the chief of police who shall be appointed by the president in accordance with applicable state police civil service law.
 *****
Sec. 4-11. Fire department.
(a) The head of the fire department shall be the fire chief who shall be appointed by the president in accordance with applicable state fire civil service law.