JASPER E. JONES, Judge.
This is an action to nullify a seniority determination by a Civil Service Board and to have plaintiff’s seniority recognized. The plaintiff appeals from a judgment sustaining an exception of prematurity and dismissing his action.
The plaintiff is Roy Colvin, a Fire Inspector in the Fire Prevention Bureau of the Bossier City Fire Department. The defendants are the City of Bossier City; the Bossier City Municipal Fire and Police Civil Service Board; the members of the Board, Jimmy Taft, Cortez Bridges, Pete Burt, Walter Cook and Jack Thomas; and David Richerson, another Fire Inspector.
Fire Inspector is the next to highest rank in the Fire Prevention Bureau. Director is the highest rank. When the Director is absent from work due to illness, vacation or other causes, his duties are performed by the senior Fire Inspector. While acting as Director the senior Fire Inspector is paid the higher wages of the Director’s position. Previously, plaintiff had been regarded as the senior Fire Inspector by virtue of having the longest service as Fire Inspector within the Fire Prevention Bureau.
*673 On March 13, 1981, Richerson filed a request with the Board to have seniority within the Bureau determined on the basis of length of service in the Fire Department, rather than on length of service within the Bureau. On the basis of length of service in the Department, Richerson would be the senior Fire Inspector.
On April 21, 1981, the hearing requested by Richerson was held. Plaintiff was not notified of the hearing but learned of it and appeared with his attorney. Plaintiff’s petition alleges that he was denied the opportunity to make a meaningful presentation of his side of the issue at the hearing. At the conclusion of its consideration of the matter the Board voted unanimously to grant Richerson’s request that seniority be determined on the basis of length of service in the Fire Department. The plaintiff then brought this action.
The defendants interposed exceptions of prematurity and lack of jurisdiction over the subject matter. After a hearing the trial judge sustained the exception of prematurity on the theory that plaintiff’s proper course of action was to request a hearing from the Board. Plaintiff then took this appeal.
Plaintiff asserts two specifications of error: (1) that the trial judge erred by holding that appellant could not maintain a direct action for relief in the district court, and (2) that the trial court erred by holding the action premature for failure to exhaust administrative remedies.
Plaintiff supports his specifications of error with two arguments. First, that he had no administrative remedy to exhaust because the Board was without jurisdiction in the case. Second, that even if the Board had jurisdiction he is not required to request a hearing before it because to do so would be useless because of the prejudice of the Board members.
We conclude that it was within the Board’s authority to rule on the question of calculation of seniority. LSA-Const.1921, Art. 14, § 15.1(7)(c)[1] and LSA-R.S. 33:2477(3), with identical language, impose the duty on the Board to:
“Advise and assist the employees in the classified service with reference to the maintenance, improvement, and administration of personnel matters related to any individual or group of employees.”
The determination of seniority of employees is part of the administration of personnel matters which the Board has the duty to conduct. If the Board has the duty to perform this function it must also have the power to do so.
In the decision of State v. Municipal Fire and Police Civil Service Bd., 211 La. 963, 31 So.2d 178 (1947), the court recognized that the defendant Board had jurisdiction to determine the seniority of two sergeants in the Monroe Police Department and that the appeal from that Board’s determination was covered by the provisions of Section 30 of Act No. 102 of 1944 which is the source provision of LSA-R.S. 33:2501. The provision of 33:2501 is applicable to the Board here and provides for the hearing procedure and appeal process to which appellant here is entitled.
Appellant’s normal remedy, if he were aggrieved by a decision of the Board, would be to appeal to the district court. This course is provided by LSA-Const. 1921, Art. 14, § 15,1(31)[2] and LSA-R.S. 33:2501.[3]
However, the plaintiff’s allegations that he was prevented from making a meaningful presentation of his side of the question takes this out of the realm of the normal *674 case. Plaintiff contends that the Board’s denial of an opportunity to fully present his case was a denial of due process.
Due process requires notice and the opportunity to be heard and defend in a proceeding adapted to the nature of the case. Mongogna v. O’Dwyer, 204 La. 1030, 16 So.2d 829 (1943); Merritt v. Bossier Parish Police Jury, 160 So.2d 232 (La.App.2d Cir. 1964), writ refused 162 So.2d 14 (La.1964); Saizan v. Saizan, 311 So.2d 281 (La.App. 1st Cir. 1974). The cited provision of the 1921 Constitution and LSA-R.S. 33:2501 each contain provisions requiring the Board to give the employee a hearing and an opportunity to be represented by counsel and to present evidence. These requirements exist for the purpose of meeting due process requirements. The allegations of the petition, if proven, would constitute a violation of due process as plaintiff would have been denied rights of his position as a classified employee without being afforded the opportunity to be heard.
The allegations of the petition state that the issue before the Board was the seniority of Colvin and Richerson and that the Board decided that Richerson was the senior Fire Inspector, which had the effect of depriving appellant of rights and privileges which he had earlier enjoyed as senior Fire Inspector.
Further, plaintiff’s right to appeal would be limited by the Board’s refusal to allow him to make a meaningful presentation of his case since he would be forced to appeal on a record which did not contain the evidence favorable to him. This would, of course, greatly damage his chances of having the Board’s decision reversed on appeal.
Although the cited statutes provide for the aggrieved employee to demand the hearing by written request to the Board, and admittedly appellant here made no such request, the effect of the hearing which was held pursuant to Richerson’s request for a determination that he was the senior Fire Inspector, could necessarily be prejudicial to appellant. Under these circumstances when appellant appeared at the hearing prepared to present evidence to show that he was the senior Fire Inspector he was entitled to do so. If he was denied this right as he alleged in his petition the ruling made by the defendant was not made following a hearing held as required by the cited statutory provisions.
If the Board conducted the hearing contrary to the statute and due process requirements, the adjudication of Richerson’s seniority is a nullity.
The provisions of the Civil Service law applicable to this case contained in LSA-Const. 1921, Art. 14, § 15.1(36) and in LSA-R.S. 33:2506, each provide:
“Nothing contained herein shall prevent any * * * employee * * * from taking legal action in the courts to enforce provisions of this part [statute] section [Constitution 1921] or of any rule, order or other lawful actions of the Board.”
In the decision of Oliver v. Shreveport Mun. Fire and Police, Etc., 88 So.2d 405 (La.App.2d Cir. 1956), a petition alleging that an employee had been deprived of his rights by a Civil Service Board action taken contrary to due process and statutory provisions was held to have stated a cause of action.
We hold here that plaintiff was not required to make an individual request to the Board for a determination of his seniority; such a request would result in a hearing in which Richerson did not participate if the Board maintained the policy alleged by plaintiff in his petition of permitting participation in the hearing by only the party requesting it. A hearing requested by plaintiff could result in a ruling-that he was the senior Fire Inspector and, therefore, be in conflict with the ruling made by the Board which plaintiff here seeks to annul. The conflicting seniority adjudications made under these circumstances would be of questionable legality because each of the adjudications would be prejudicial to parties not permitted by the Board to participate in the hearings and present evidence.
We hold that plaintiff had a right to participate in the hearing requested by Richerson so that the issue of who was the senior Fire Inspector could be resolved between the two of them by the Board in a ruling following that hearing. For these reasons the trial court erred when it sus *675 tained the plea of prematurity based upon the belief that plaintiff was required to seek his own hearing before the Board and then appeal[4] the Board’s ruling following that hearing.
Plaintiff’s petition alleges a violation of due process for which there is no administrative remedy. We conclude that if plaintiff can establish that he was denied due process before the Board, the ruling of the Board of which he complains should be annulled. In the event the Board’s ruling is annulled the court should not make a determination as to who is the senior Fire Inspector because, as earlier pointed out, this is the function of the Board to be performed by it in accordance with law, subject to appeal to the court after a proper hearing and determination as provided by law.
The judgment sustaining the plea of prematurity and dismissing plaintiff’s suit is REVERSED and SET ASIDE and the case is REMANDED for further proceedings in accordance with this opinion and as provided by law.

. LSA-Const. Art. 10, § 18 provides — Except as inconsistent with this Part, the provisions of Article XIV, Section 15.1 of the Constitution of 1921 are retained and continued in force and effect as statutes.... ”

. LSA-Const.1921, Art. 14, § 15.1(31) provides in part — Any employee under classified service and any appointing authority may appeal from any decision of the board, or from any action taken by the board under the provisions of the Section which is prejudicial to the employee or appointing authority.

.R.S. 33:2501 provides in part — Any employee under classified service and any appointing authority may appeal from any decision of the board, or from any action taken by the board under the provisions of the Part which is prejudicial to the employee or appointing authority.

. Plaintiff alleged that the Board had denied his request for an appeal as one of his reasons that the Board’s adjudication of Richerson’s seniority should be annulled, but he does not urge this contention in brief before us as a basis for reversal of the trial court’s judgment of dismissal.