JjWHIPPLE, Judge.
In this writ application, defendant/relator, Sammy Gill (“Gill”), challenges the trial court’s denial of this exception pleading the objection of no right of action. For the following reasons, the writ is granted and the trial court judgment denying the exception is affirmed.
FACTS AND PROCEDURAL HISTORY
Gill is the chairman of the Municipal Fire and Police Civil Service Board (“the board”).[2] As a member of the board, some of Gill’s responsibilities include making “any investigation concerning the administration of personnel or the compliance with the provisions of [the Municipal Fire and Police Civil Service Law] in the ... municipal fire and police services” and conducting investigations and passing upon “complaints by or against any officer or employee in the classified service for the purpose of demotion, reduction in position or abolition thereof, suspension or dismissal of the officer or employee, in accordance with the provisions of [the Municipal Fire and Police Civil Service Law].” LSA-R.S. 33:2477(4) and (5).
During Gill’s service as chairman of the board, plaintiff/respondent Greg Phares (“Phares”), in his capacity as Chief of Police for the City of Baton Rouge, filed a petition in the Nineteenth Judicial District Court to remove Gill from the board. In support of the petition, Phares alleged that Gill was guilty of favoritism and gross misconduct, which are specifically | gexpressed grounds for removal in LSA-R.S. 33:2476(H). Gill responded to the petition by filing a peremptory exception pleading the objection of no right of action. In the exception, Gill argued that pursuant to LSA-R.S. 33:2476(H), the removal petition could only be filed by the district attorney. The trial court opined that because the statute is cast in the disjunctive and utilizes the word “may,” “certainly ... the attorney general” and possibly “other citizens who have requisite capacity” have the authority to file a removal petition. Accordingly, the trial court rendered judgment on October 24, 1996, denying the exception. Gill immediately notified the trial court of his intent to apply for Writs of Certiorari, Prohibition and Mandamus and requested that the trial court stay the proceedings pending the final outcome of a timely filed writ application. The trial court issued a stay of the proceedings and the application for writs was timely filed. On January 24, 1997, this court issued a Writ of Certiorari and ordered that the record be forwarded to this court and that the matter be docketed and set for briefing and argument, if requested.
As his sole assignment of error, defendant/relator Gill argues that the trial court erred in denying the exception of no right of action, contending that pursuant to LSA-R.S. 33:2476(H), only the district attorney may seek removal of a board member.
JUSTICIABILITY
At the outset, we deem it appropriate to consider whether this matter is properly before us for adjudication. Phares contends that the issue of whether he had a right of action is moot because the district attorney filed an amended petition to remove Gill from the Board. Through this amended petition, the district attorney joined himself as a party plaintiff in the suit filed by Phares. There is nothing in the record to indicate that the district 14attorney was substituting himself as the plaintiff, in lieu of Phares. Accordingly, we find that a justiciable controversy exists as to whether Phares has a right of action and this grant of certiorari is not rendered moot.
*37 LEGAL ANALYSIS
The peremptory exception pleading the objection of no right of action addresses itself to whether the particular plaintiff falls, as a matter of law, within the general class in whose favor the law grants the cause of action sought to be asserted in the suit. This objection is a threshold device to terminate a suit brought by one who has no interest in enforcing judicially the right asserted. Stafford Construction Company, Inc. v. Terrebonne Parish School Board, 612 So.2d 847, 851 (La.App. 1st Cir.1992), writ denied, 614 So.2d 82 (La.1993).
At issue in the present case is the interpretation of LSA-R.S. 33:2476(H) which provides in pertinent part as follows:
H. Any member of a board shall be liable to removal from office by judgment of the district court of his domicile for ... favoritism ... [or] gross misconduct.... The district attorney of the district wherein the board member resides may institute such suit, and shall do so upon the written request, specifying the charges, of twenty-five citizens and taxpayers of the municipality of which the board member is a resident. (Emphasis added.)
Gill contends this statutory provision makes it clear that only the district attorney has the right to institute removal proceedings through the filing of a petition for removal. He argues that to interpret the statute otherwise would allow the pertinent municipality department heads to pick and choose their board members and harass those members whose decisions or votes the department heads did not like. Contrarily, Phares contends any interested party may file the petition for removal. As chief of police, Phares argues he is a party with interest in the actions of the Board, which is called upon to Rreview disciplinary and administrative actions taken by Phares. Consequently, Phares believes he had a right to file the petition for removal of Gill from the Board.
The law is not silent on the procedure to remove a member of the Board, as this procedure is set out in LSA-R.S. 33:2476(H). When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. LSA-C.C.- art. 9. However, another principle of statutory interpretation and construction is that statutes must be read in pari mate-ria. LSA-C.C. art. 13; Comm-Care Corporation v. Louisiana Tax Commission, 96-0039, pp. 7-8 (La.App. 1st Cir. 9/27/96); 681 So.2d 1001, 1004-1005.
Louisiana Revised Statute 33:2476(H), which is contained in the Municipal Pire and Police Civil Service Law, Part II of Chapter 5, Title 33, expressly states the district attorney may file the petition for removal of a member of the Board. Furthermore, subsection H of the statute delineates a specific circumstance wherein the district attorney is mandated by law to file a petition for removal, i.e., when presented with a written request of twenty-five citizens and taxpayers of the pertinent municipality, specifying the charges that warrant removal. Noticeably absent from the statute is any express authority for persons other than the district attorney to file a petition for removal.
However, it is noteworthy that LSA-R.S. 33:2506 also addresses judicial enforcement of the provisions of Part II. Although not cited by either party, LSA-R.S. 32:2506 sets forth “catch all” language which seemingly reserves the right to seek removal to others in addition to the district attorney or twenty-five citizens or taxpayers. LSA-R.S. 33:2506 sets leforth that “[n]othing contained herein shall prevent any municipal officer, employee, or private citizen from taking legal action in the courts to enforce the provisions of this Part.” We note that the legislature could have (and perhaps should have) expressly stated in 33:2476(H) that “any interested party” could file a petition for removal. We observe that the legislature has expressly listed “any interested party” as a proper plaintiff for filing certain petitions where the district attorney has also been expressly granted such authority. See, for example, LSA-R.S. 38:2220(B), which grants the right to the district attorney, the attorney general, or any interested party to bring suit in district court to enjoin, or have nullified, improper awards of public contracts.
*38 Nonetheless, LSA-R.S. 33:2476(H) and 33:2606 both form part of Title 33, Chapter 6, Part II. Reading the provisions of this Part together, as we must, we find that pursuant to LSA-R.S. 33:2506 plaintiff/respondent had a legal right to bring the action to seek removal and to litigate as a party plaintiff. See Colvin v. City of Bossier City, 412 So.2d 672, 674 (La.App. 2nd Cir.), writ denied, 413 So.2d 498 (La. 1982); Oliver v. Shreveport Municipal Fire and Police Civil Service Board, 88 So.2d 405, 409 (La.App. 2nd Cir. 1956).
This interpretation does not lead to absurd consequences. Particularly, the chief of police could have simply requested that the district attorney institute the removal proceeding or he could have required the district attorney to do so upon written request after obtaining and presenting the signatures of twenty-four additional citizens and taxpayers of the municipality of which Gill is a resident pursuant to LSA-R.S. 33:2476(H). However, as set forth in LSA-R.S. 33:2506, the chief of police also had a statutorily reserved right to litigate as party plaintiff to “tak[e] legal action in [7the courts to enforce the provisions of this Part” through an action for removal. We save for another day how we would resolve competing claims between the district attorney and others, including those having a real and genuine interest in seeking removal, for the opportunity to litigate as the party plaintiff in such removal actions.[3]
CONCLUSION
For the reasons expressed in this opinion, the writ of certiorari previously issued herein is recalled, and the trial court’s stay of proceedings is vacated. The judgment of the trial court, denying Gill’s exception of no right of action, is affirmed, and the matter is remanded for further proceedings.
WRIT OF CERTIORARI RECALLED AND STAY VACATED; JUDGMENT OF THE TRIAL COURT AFFIRMED; REMANDED FOR FURTHER PROCEEDINGS.
FITZSIMMONS, J., concurs and assigns reasons.

. Pursuant to LSA-R.S. 33:2476, the board is composed of five persons, one of whom is elected by regular employees of the fire department and appointed as the representative of the fire department. This fire department appointee must occupy a position or office lower than that of chief, assistant chief, district chief, or battalion chief of the fire department. Gill, a fire department employee, was his department's selection to serve on the board. He was subsequently selected chairman of the board by the other board members.

. The record indicates that after the trial court granted relator's request for a stay of the proceedings in the trial court pending the outcome of relator's writ application, the district attorney instituted a removal proceeding against Gill by the filing of an amended petition in these proceedings, wherein the district attorney joins as party plaintiff and seeks relator’s removal and other injunctive relief. Relator responded by filing the dilatory exceptions of improper joinder and unauthorized use of summary proceedings. However, since the amended petition was filed as part of the same proceeding that had been previously stayed pending resolution of the subject writ application, it does not appear from the record that any action has been taken by the trial court with respect to the amended petition and dilatory exceptions filed below.